UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BASSEM YOUSSEF,                     )
                                    )
                Plaintiff,          )
                                    )
v.                                  )  Civil Action 1:11-cv-01362 (CKK)
                                    )
ERIC HOLDER, Attorney General,      )
                                    )
                Defendant.          )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION

    Plaintiff Bassem Youssef, by and through counsel, hereby submits his opposition to Defendant's motion for partial reconsideration. The Court issued a January 28, 2014 Memorandum Opinion granting in part and denying in part Defendant's Motion for Summary Judgment.  Doc. No. 53.  Defendant thereafter submitted a Motion for Reconsideration (Partial) on February 7, 2014.  Doc. No. 54.  As set forth below, in Plaintiff's memorandum of points and authorities, Defendant's motion is without merit.  A proposed order is also submitted herewith.

### Memorandum of Points and Authorities

### STANDARD OF REVIEW

    It is well settled that motions for reconsideration are not favored, and "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. Geo. Wash. Univ.*, 383 F. Supp. 2d 99, 101 (2005)(internal citations omitted).  The legal standard for reconsideration is "whether 'the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a

controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Id.* (internal citations and quotations omitted).

## ARGUMENT

I.  **DEFENDANT DOES NOT MEET ANY OF THE STANDARDS FOR GRANTING RECONSIDERATION.**

Defendant has not met its burden of demonstrating any of the four factors that a Court may consider when deciding whether or not to grant reconsideration of a prior decision. *Singh v. Geo. Wash. Univ.*, 383 F. Supp. 2d 99, 101 (2005).

The first factor that can support reconsideration is if the Court has "patently misunderstood a party." *Id*.  The FBI has not alleged that this Court patently misunderstood the FBI's assertions.

The second factor is whether the Court "made a decision outside the adversarial issues presented to it by the parties." *Id*.  This qualification is also unmet; the Court's Memorandum Opinion is certainly within the issues brought before it.  The Court did not predicate it's ruling on any issue that was raised "outside the adversarial issues presented by the parties."

The third factor that could justify a Court considering a motion for reconsideration requires the moving party to demonstrate that the Court made an error "not of reasoning but apprehension." *Id*.  The Court has made no error of apprehension.  At best, the FBI's motion for reconsideration is predicated on the court's "reasoning" for partially denying the FBI's motion for summary dismissal.   There have been no new, controlling decisions that would alter the Court's conclusion regarding the retaliation claim, and no new "data" has been presented to the Court. *Id.*

The fourth and final factor that could justify reconsideration is that a "controlling or significant change in the law or facts has occurred since the submission of the issue to the

2

Court." *Id*.  This qualification also does not apply.  There has been no "controlling or significant change in the law or facts" since this case was submitted for a ruling on summary judgment.

The only legal case which Defendant could argue was new is *University of Texas Southwestern Medical Center v. Nassar*, __ U.S. __, 133 S.Ct. 2517 (2013), which the FBI cites to in its Motion for Reconsideration.  However, the Supreme Court's ruling in *Nassar* was decided *before* this case was submitted for a ruling on summary judgment.  Moreover, Defendant clearly knew of this authority prior to the case being submitted to the Court for a decision, as the FBI cited to the case in its Reply in Support of Motion for Summary Judgment on August 8, 2013.  Doc. No. 51, p. 10.  Because Defendant fails to meet each standard its request for reconsideration should be denied.

Furthermore, there are strong policy arguments against granting a motion for reconsideration.  As the Court in *Singh* correctly stated: "The district court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh*, 383 F.Supp. 2d at 101 (internal quotations and citations omitted).  The Court also cautioned against granting motions for reconsideration due to the delay that invariably results from such motions. *Id.* (expressing concern over the "speedy administration of justice").

Thus, the FBI cannot meet any of the standards that justify granting a motion for reconsideration, and their motion must be denied.

**II.    DEFENDANT'S MOTION IS WITHOUT MERIT**

Assuming *arguendo* that the FBI can meet its burden justifying the Court's hearing its motion for reconsideration, the FBI's motion is without merit and must be denied.

Defendant first argues that this Court's finding, in the discrimination portion of the case, that Special Agent Youssef did not have "starkly superior skill[s]" than the selected candidate, and that there was not and a "wide and inexplicable gulf" in qualifications between Mr. Youssef and the selected candidate, requires a dismissal of Mr. Youssef's retaliation claim.

This argument is based on a fundamental misreading of the controlling authorities. *See e.g. Lathram v. Snow*, 336 F.3d 1085, 1091 (2003); *Holcomb v. Powell*, 433 F.3d 889, 897 (2006). These cases draw a sharp distinction between discrimination claims for which the pretext element is predicated solely on a disparity of qualifications, and cases which present "more" evidence than just such a disparity. The court in *Holcomb* "did not require a plaintiff to establish this disparity in order to survive a motion for summary judgment." *Holcomb*, 433 F.3d at 897. Instead it emphasized that a plaintiff "attacking a qualifications-based explanation is expressly *not* limited to comparing her qualifications against those of the successful application; she may seek to expose other flaws in the employer's explanation. . ." *Id*. However, when there is a "complete lack of evidence" that indicates any other inference of discrimination, the court will not reexamine promotional decisions. *See Stewart v. Ashcroft*, 352 F.3d 422, 430 (2003). In his retaliation case, Mr. Youssef was able to point to factors for his non-selection other than the disparity in qualifications.

Furthermore, the FBI's argument is also predicated on the failure of the FBI to acknowledge that evidence of animus and pretext that was highly relevant in the retaliation case was not relevant at all in the discrimination case. This is not a case, like *Fields v. Geithner*, 840 F.Supp.2d 128, 137 (D.C.D.C. 2012), in which there was "no other evidence" of improper motive than simply a wide gulf in qualifications. In *Fields* the Court noted that there was "no further evidence of bias such as discriminatory statement or attitudes" in the facts presented. In

contrast, as this Court correctly found (and as the FBI has not disputed), there was ample evidence beyond a mere gulf in qualifications that could give rise to a reasonable inference of animus and pretext.  Memorandum Opinion, p. 27 [Doc. No. 53] (identifying evidence of pretext or animus relevant to retaliation claim, but not to the discrimination claim); *id.,* p. 28 (identifying evidence of pretext or animus relevant to retaliation claim, but not relevant to the discrimination claim); *id.,* pp. 51-53 (identifying evidence of pretext or animus relevant to the retaliation claim only).

The FBI also attempts to argue that this Court should reconsider its "timing" ruling related to the retaliation claim.  It is not contested that Mr. Youssef was engaged in Title VII protected activities throughout the time period related to the promotional decision.  His Title VII claim was pending in this Court at that time.

However, the FBI completely failed to understand the significance of the timing issue in this case.  Far beyond a simple timing correlation between protected activity and a retaliatory action, in this case one of the key decision makers actually expressed his animus toward Mr. Youssef's protected activities *one day* before this decision maker rendered his decision on Mr. Youssef's promotion.  Memorandum Opinion, p. 51 [Doc. No. 53] ("Youssef contends that causation is further established by the timing of Zarone's demonstration of animus toward Youssef's protected activity in Youssef's PAR, which Zarone signed one day before participating in the adverse employment action").  In this PAR, Zarone directly referenced Mr. Youssef's protected activities in a highly negative manner, and uses these activities as a justification for lowering his performance ratings in five criteria.  *Id.,* pp. 6-7.  This evidence of timing, which incorporates direct statements reflecting animus toward Mr. Youssef's protected

activities just one day before the decision at issue in this case was made, is a far stronger evidence of a timing correlation then exists in most cases.

## CONCLUSION

For the reasons set forth above, Defendant's motion for reconsideration should be denied.

Respectfully submitted,

/s/ Stephen M. Kohn
Stephen M. Kohn, sk@kkc.com
D.C. Bar No. 411513

/s/ David K. Colapinto
David K. Colapinto, dc@kkc.com
D.C. Bar No. 416390

Kohn, Kohn & Colapinto, LLP
3233 P Street N.W.
Washington, D.C. 20007
(202) 342-6980
(202) 342-6984 (fax)

Attorneys for Plaintiff

March 7, 2014