UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BASSEM YOUSSEF

   Plaintiff,

     v.

ERIC H. HOLDER, JR., United States
Attorney General,

   Defendant.

Civil Action No. 11-1362 (CKK)

MEMORANDUM OPINION
(August 1, 2014)

Plaintiff Bassem Youssef ("Youssef"), an employee of the Federal Bureau of Investigation (the "FBI"), brought this action against the United States Attorney General (the "Attorney General") alleging national origin discrimination and retaliation in his non-selection for an Assistant Section Chief ("ASC") position in the FBI's Counterterrorism Communications Exploitation Section. On March, 1, 2013, Defendant filed a [41] Motion for Summary Judgment. The Court granted Defendant's Motion for Summary Judgment as to Plaintiff's national origin discrimination claim, but denied Defendant's Motion as to Plaintiff's retaliation claim. Presently before the Court is Defendant's [54] Motion for Partial Reconsideration. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall DENY Defendant's [54] Motion for Partial Reconsideration for the reasons that follow.

---

[1] Defendant's Motion for Partial Reconsideration ("Def's Mot."), ECF No. [54]; Plaintiff's Opposition to Defendant's Motion for Partial Reconsideration ("Pl.'s Opp'n."), ECF No. [58]; Defendant's Reply to Plaintiff's Opposition ("Def.'s Reply"), ECF No. [60].

1

## I. LEGAL STANDARD

Defendant moves the Court pursuant to Federal Rule of Civil Procedure 54(b) to reconsider its denial of summary judgment for Defendant on Plaintiff's retaliation claim. Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A motion to reconsider brought under Rule 54(b) may be granted "as justice requires." *Singh v. George Washington Univ.,* 383 F.Supp.2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton,* 224 F.R.D. 266, 272 (D.D.C. 2004)). Considerations a court may take into account under this standard include whether the court "patently" misunderstood a party, made a decision beyond the adversarial issues presented to the court, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court. *See id.* (quoting *Cobell*, 224 F.R.D. at 272). The party moving the court to reconsider its decision carries the burden of proving that some harm would accompany a denial of the motion to reconsider: "In order for justice to require reconsideration, logically, it must be the case that, some sort of 'injustice' will result if reconsideration is refused. That is, the movant must demonstrate that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell v. Norton,* 355 F.Supp.2d 531, 540 (D.D.C. 2005). Finally, "even if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." *Id*.

## II. DISCUSSION

In his Motion for Partial Reconsideration, Defendant effectively argues that the Court

made an error in failing to consider controlling decisions and misunderstood the evidence presented by the parties.  Defendant argues that because the Court, in disposing of Plaintiff's national origin claim, found that Plaintiff "failed to show any irregularities in the selection process for the Assistant Section Chief position in question or that he was significantly more qualified than the candidate selected for the position, [Plaintiff] cannot show that his EEO activity was the but-for cause for his non-selection as required by the Supreme Court's decision in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013)."  Def.'s Mot. at 1.  Alternatively, Defendant argues that, contrary to the Court's conclusion, the evidence proffered by Youssef fails to establish temporal proximity so as to raise an inference of causation.  *Id.*  While the Court acknowledges this is a close case, the Court rejects Defendant's arguments for the reasons set forth below.

Defendant effectively argues that by finding, in the context of Plaintiff's national origin discrimination claim, that Plaintiff "failed to proffer evidence that genuinely called into question the FBI's legitimate, non-discriminatory reason for Plaintiff's non-selection," the Court credited Defendant's reason for not selecting Plaintiff and is thus precluded from finding that Plaintiff raised a triable retaliation claim because, per *Nassar*, retaliation must be the but-for cause of Plaintiff's non-selection.  *Id.* at 2.  The Court applied *Nassar* in evaluating Defendant's Motion for Summary Judgment and has again applied *Nassar* in assessing Defendant's Motion for Partial Reconsideration.  The Court disagrees with Defendant's application of *Nassar* to the facts and claims in this case.  Although based on the same factual events, Plaintiff's national origin discrimination and retaliation claims are two separate claims for which Plaintiff presented distinct sets of evidence.  With respect to Plaintiff's national origin discrimination claim, the Court found that Plaintiff offered no evidence, such as discriminatory remarks or actions, to

3

create a genuine dispute as to whether the members of the selection committee had discriminatory motive based on national origin. Nor was the evidence presented by Plaintiff as to his alleged starkly superior qualifications and irregularities in the selection process sufficient for a reasonable trier of fact to infer that Defendant's reasons for Plaintiff's non-selection were pretext for national origin discrimination.

While the Court found that Plaintiff failed to meet his burden and present sufficient evidence to create a genuine dispute as to whether the selection committee was actually motivated by discriminatory animus, the Court found that Plaintiff did meet that burden as to his independent retaliation claim. In contrast to Plaintiff's national origin discrimination claim, Plaintiff was able to present more evidence of a potentially retaliatory motive such that a reasonable trier of fact could find that Defendant's legitimate, non-discriminatory reason was pretext for retaliation. Specifically, Plaintiff provided evidence that one day before the committee met to select the new ASC, Plaintiff's supervisor, Arthur Zarone—who was also a member of the selection committee—submitted Plaintiff's 2009 Performance Appraisal Report ("PAR"), in which he had lowered Plaintiff's ratings in several categories citing a "legal matter" as a reason for the drop in ratings. In addition, it is undisputed that Plaintiff's protected activity—his first EEO lawsuit—was ongoing at the time Zarone submitted the PAR and at the time the selection committee met to select the new ASC. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has made a charge, testified, assisted, or *participated in any manner in an* investigation, *proceeding*, or hearing under this subchapter." (emphasis added)); *von Muhlenbrock v. Billington*, 579 F.Supp.2d 39, 44 (D.D.C. 2008) (finding that plaintiff's protected activity "concluded" when her earlier lawsuit against the defendant was

4

settled); *Vance v. Chao*, 496 F.Supp.2d 182, 187 (D.D.C. 2007) (finding that plaintiff alleged a protected activity in the "filing of an EEO complaint against [d]efendant and the drawn-out settlement process in that action."). As a result, a reasonable trier of fact could draw the inference that the committee members were driven by retaliatory motive.

Defendant argues that this "proffered evidence does not support [Plaintiff's] assertion that the [committee] members knew that he was participating in his EEO lawsuit in or around October 2009, when the ASC selection was made." Def.'s Mot. at 6. However, the D.C. Circuit has held that "[t]o survive summary judgment . . . [a plaintiff] needn't provide direct evidence that his supervisors knew of his protected activity; he need only offer circumstantial evidence that could reasonably support an inference that they did." *Jones v. Bernanke*, 557 F.3d 670, 679 (D.C. Cir. 2009). Evidence that "the *employer* had knowledge of the employee's protected activity, and the adverse personnel action took place shortly after that activity"—is "adequate to permit an inference of retaliatory motive." *Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006) (internal quotation marks and alteration omitted, emphasis added). Here, Plaintiff presented evidence that he participated in depositions and other legal activities related to his EEO lawsuit against his employer, the FBI, during 2009, *see* Pl.'s Opp'n. Ex. 20 at 49:1-14, and that the lawsuit—for which he was the named and only Plaintiff—was ongoing at the time the selection committee met. "[I]f such evidence can support an inference of actual retaliatory motive, it necessarily can support an inference of mere knowledge." *Jones*, 557 F.3d at 679.

Although it was a close case, the Court found that this evidence taken together was sufficient to create a genuine dispute as to whether the committee's ratings may have been infected by retaliatory animus and that this animus—and not the FBI's proffered non-discriminatory reason—was the but-for cause of Plaintiff's non-selection. Accordingly, the

Court rejects Defendant's argument that the Court's findings with respect to Plaintiff's national origin discrimination claim preclude Plaintiff from showing that retaliation was the but-for-cause of his non-selection.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's [54] Motion for Partial Reconsideration.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE