UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BASSEM YOUSSEF,                     )
                                    )
            Plaintiff,              )   Civil Action No. 11-1362 (CKK)
                                    )
      v.                            )   ECF
                                    )
ERIC H. HOLDER, JR., United States  )
Attorney General,                   )
                                    )
            Defendant.              )
_____)

## DEFENDANT'S NOTICE IN RESPONSE TO COURT'S MINUTE ORDER

Defendant, through undersigned counsel, file this notice as required by the Court's Minute Order dated February 10, 2015. Specifically, the Court ordered "Defendant to file a Notice with the Court by no later than 10 A.M. on FEBRUARY 11, 2015, indicating whether the dates proposed in Plaintiff's Response to Defendants' Second Motion to Amend Pretrial Scheduling and Procedures Order are viable." Defendant learned of the proposed deadlines upon receipt of Plaintiff's response and proposed order on the ECF docket.

Plaintiff's proposed dates concern information requested as part of Plaintiff's response to Defendant's objections to the Pretrial Statement and Plaintiff's objections to Defendant's proposed witnesses, exhibits, and jury instructions. Defendant requests a deadline of Tuesday, February 17, 2015, due to the unanticipated illness this week of one of undersigned counsel. Defendant appreciates the Court's consideration in extending the original deadlines. Furthermore, because Plaintiff lists Mr. Ed Curran as a "non-retained" expert in this case, and Mr. Curran's testimony was proffered in a similar capacity in *Youssef I*, Defendant requests that the Court follow a similar procedure in this case with respect to "non-retained" experts as it did in *Youssef v. Holder* ("*Youssef I*"), Civil Action 03-1551 (CKK). *See Youssef I,* Minute Order

dated April 27, 2010 ("[At the pretrial hearing,] [t]he Court ordered Plaintiff to file a report regarding the expert testimony that will be offered by Ed Curran . . . . and any other witnesses who will give expert testimony who did not produce a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). The report shall include a statement of the witness's area of expertise and specialized knowledge and a complete statement of all opinions that the witness will express and the basis and reasons for them.")  To meet Plaintiff's proposed March 4, 2015 deadline for motions in limine, Defendant requests this report by February 17, 2015.

As to the specific items included in Plaintiff's proposed order, Defendant responds as follows:

1. "The defendants fully respond to plaintiff's comments on their draft pretrial brief by the close of business, February 13, 2015."

   Response:  Defendant proposes the alternative date of February 17, 2015 for the reasons stated herein and also to set a common deadline for various submissions.

   (a) "[A]ctual copies of demonstrative aids they want to submit."

   Response: Defendant has described the anticipated demonstrative evidence as part of the draft pretrial statement in accordance with the Court's Pretrial Scheduling and Procedures Order (ECF 65), ¶3(b)(vi)(4) ("The parties must describe any demonstrative evidence, physical evidence, video evidence, and the like expected to be introduced into evidence"), and will provide any additional information as may be appropriate.

   (b) "[A]ctual copies of the exhibits they are proposing to submit (these exhibits should include the bate-stamped page numbers demonstrating that they were produced in discovery)."

   Response:  All but three of Defendant's exhibits were exhibits to Defendant's motion for summary judgment or reply in support of the motion, and have been identified by ECF No. and page number(s) thereof in Defendant's draft of the pretrial statement. The remaining three exhibits are documents related to the selection process at issue, and were identified by Bates numbers on the draft pretrial statement.  Defendant previously agreed to provide pdf copies of the documents to Plaintiff for convenience of counsel.

(c) "[T]he deposition excerpts (with page and line number) for the witnesses they are proposing to have testify by deposition."

Response: Defendant has identified several pages of the deposition of Plaintiff as part of the draft pretrial statement. Two additional witnesses, whom Plaintiff deposed as part of discovery, were identified as unavailable because the witnesses no longer work for the FBI and reside outside the subpoena power of the Court. Both witnesses are listed as witnesses on Plaintiff's initial draft of the pretrial statement. Plaintiff has not designated any deposition testimony for the two witnesses.

2. "The defendants must review all of the jury instructions that were given in the first Youssef jury trial, and either inform Mr. Youssef's counsel that they consent to these instructions being given in the new trial, or explain (with specific counter-proposals) why these instructions should not be given. This information should be provided to plaintiff, along with copies of the precise instructions, by close of business. February 16, 2015."

Response: The parties have exchanged proposed jury instructions and the disagreements largely involve special jury instructions on retaliation and compensatory damages. Defendant's proposed instructions were accompanied by case citations. Upon review of same, Plaintiff proposed that the parties consider using this Court's jury instructions from *Youssef I*. This was not Plaintiff's initial position, but was proposed during the process of reviewing draft versions of the joint pretrial statement. Defendant considers this to be a productive suggestion keeping in mind that *Youssef I* involved many different issues than this case and that the law has, in certain respects, changed since the *Youssef I* trial. In any event, undersigned counsel were not counsel in *Youssef I*, and the final jury instructions in that case were not readily identified on the docket. However, counsel was able to get a copy of the trial transcript containing the Court's reading of the instructions to jury in *Youssef I*, and is willing to review the instructions and annotate as suggested by Plaintiff. Since February 16, 2015 is a federal holiday, we would request that the deadline be set at February 17, 2015.

3. The following new deadlines are set for the filing of the Joint Pretrial Brief and the filing of motions in limine:

   Final Pretrial Brief: March 3, 2015
   Motions in limine: March 4, 2015
   Opposition to the Motions in limine: March 10, 2015
   Final Replies to the Motions in limine: March 17, 2015
   The remaining deadlines in this proceeding shall remain unchanged.

   Response: Defendant does not object to the revised deadlines for the final pretrial statement and motions in limine, but would request that the following deadlines:

   Oppositions to motions in limine: March 11, 2015

3

Replies:  March 18, 2015.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        United States Attorney, D.C. Bar #447889

        DANIEL VAN HORN, D.C. Bar # 924092
        Chief, Civil Division

        _____/s/_____
        JOHN G. INTERRANTE, PA Bar # 61373
        JOSHUA M. KOLSKY, DC Bar # 993430
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W., Room E-4808
        Washington, D.C. 20530
        Tel: 202.252.2519
        Fax: 202.252.2599
        Email: John.Interrante@usdoj.gov