**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BASSEM YOUSSEF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **C.A. No. 1:11-CV-01362-CKK** |
| ) | |
| ERIC HOLDER, ) | |
| U.S. Attorney General, ) | |
| ) | |
| Defendant. ) | |

# PLAINTIFF YOUSSEF'S RESPONSE TO DEFENDANT'S DESIGNATION OF DEPOSITION TESTIMONY OF ARMANDO FERNANDEZ

Plaintiff Bassem Youssef, through counsel hereby files his response to Defendant's Designation of Deposition Testimony of Armando Fernandez.

Mr. Youssef objects to the use of deposition testimony for Armando Fernandez in the trial of this matter. Mr. Fernandez was a key witness in this case. Although he is no longer an employee of the FBI, plaintiff intends to subpoena Mr. Fernandez to testify either live before the jury, or live through the court's video conferencing technology. *See Attachment*, US District Court for the District of Columbia procedures for video testimony, *"Videoconferencing (VTC) Policy."*

Mr. Fernandez was the Chairman of the Career Board that failed to select Mr. Youssef for the position of Assistant Section Chief. He also personally selected all of the other members of the Career Board, personally met with the selected candidate (Mr. Powers) before the Career Board meeting, had knowledge of Mr. Youssef's protected activities, and approved the

downgrading of Mr. Youssef's performance evaluation shortly before the Career Board rejected Mr. Youssef's application for the promotion.

Significantly, Mr. Youssef has learned that after Mr. Fernandez gave testimony in this case he was subjected to some form of disciplinary proceeding within the FBI and apparently was demoted from a Special Agent-in-Charge of a major office, to a low level agent performing menial-level work.  The disciplinary process, documents for which Mr. Youssef intends to subpoena for use at trial, could be highly relevant to Mr. Fernandez's credibility and veracity.  Mr. Fernandez's participation as an actual witness is important for this case due to the fact that Mr. Youssef will challenge the truthfulness and credibility of Mr. Fernandez's testimony and the jury will need to judge the witnesses veracity.

Finally, the deposition of Mr. Fernandez was conducted as a discovery deposition, not as a testimonial deposition, and Mr. Youssef did not conduct a vigorous cross-examination of the witness during his deposition.

Thus, for good cause shown, the FBI should not be permitted to introduce the deposition testimony of Mr. Fernandez at trial.  Instead, Mr. Fernandez will be subpoenaed to testify either through the court's video conferencing procedures, or through live testimony.

Mr. Youssef also requests that the FBI and DOJ produce any and all disciplinary and/or personnel files related to Mr. Fernandez.  This includes, but is not limited to, OIG files, OPR files, and any other documents from all investigatory or disciplinary offices that may have been directly or indirectly related to Mr. Fernandez's deficiencies and/or misconduct.  Producing these documents prior to the trial will significantly expedite the litigation and permit the parties to raise potential evidentiary objections prior to the trial.  Should the FBI contact Mr. Fernandez concerning this Response or concerning the fact that Mr. Youssef intends to personally serve Mr. Fernandez with a subpoena *duces tecum*, please ensure that Mr. Fernandez does not destroy any

documents related to his disciplinary matters or personnel records.  Mr. Youssef intends to serve a subpoena *duces tecum* to the witness to appear at the trial and produce all related documents.

Respectfully submitted,

_____/s/_____
Stephen M. Kohn, D.C. Bar # 511513
Kohn, Kohn & Colapinto, LLP
3233 P St. NW
Washington, DC 20007
Tel: (202) 342-6980
Fax: (202) 342-6984

Attorney for Mr. Youssef

Dated: February 24, 2015