**FINAL JURY INSTRUCTIONS – CIVIL[1]**

**JUDGE COLLEEN KOLLAR-KOTELLY**

**_Bassem Youssef v. Federal Bureau of Investigation, et al_**

**[11cv01362]**

Ladies and Gentlemen, the time has now come when all the evidence is in and you have heard the closing arguments of the lawyers. It is now up to me to instruct you on the law that should control your deliberations in this case. My instructions will be roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the cause of action in this case and the defense to that action. Finally, I will have some closing remarks about your deliberations in this matter. Let me begin with some general principles. I am sure you understand by now that the jury and the Court--have quite different responsibilities in a trial.

---

[1] The parties agree that the Court should give its standard preliminary instructions at the outset of the case.

## PLAINTIFF'S PROPOSED SPECIALIZED INSTRUCTION: TITLE VII – STATUTE INVOLVED

Mr. Youssef claims that the Defendant retaliated against him in violation of a federal statute called Title VII.  The purpose of Title VII is to protect the rights of individuals to be free from workplace discrimination and harassment based on national origin.  The anti-retaliation protection in Title VII provides that it is unlawful for an employer to retaliate against an individual because he in good faith opposed what he believed were retaliatory employment practices or because he has made a charge, testified, assisted or participated in any manner in any investigation, proceeding or hearing governed by Title VII.

**Authority**:
42 U.S.C. § 2000e-3(a) (Title VII); 42 U.S.C. § 12203(a) (ADA); 29 U.S.C. §634(d) (ADEA); *Roberts v. Roadway Express*, 149 F.3d 1098, 1103 & n.1 (10th Cir. 1998) (§ 1981).

**Source**:
Faculty of Federal Advocates, "Model Employment Law Jury Instructions," (September 2013), p. 47.

**Defendant's Objection:** This proposed instruction is duplicative of the "Retaliation – Law" instruction below, which more accurately states the law.

Instruction No. 1.01

<u>FUNCTION OF THE COURT</u>

      The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Instruction No. 1.02

## FUNCTION OF THE JURY

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

Instruction No. 1.09

### JURY NOT TO TAKE CUE FROM JUDGE

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

Instruction No. 1.10

RULINGS ON OBJECTIONS

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer--when I ordered it stricken--you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.

Instruction No. 1.03

## SIGNIFICANCE OF PARTY DESIGNATIONS

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that his evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of his claim against a defendant by a preponderance of the evidence before he is entitled to prevail.

Instruction No. 1.11

## EQUALITY OF LITIGANTS—CORPORATIONS

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A government agency, whether large or small, has the same right to a fair trial as a private individual. All persons, including government agencies and individuals, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a plaintiff or defendant is a government agency or individual must not affect your decision.

Instruction No. 2.05

### STATEMENTS OF COUNSEL

Statements and arguments of lawyers, such as their opening and closing arguments, are important because they are intended to help you understand the evidence and the contentions of the parties. However, the statements and arguments are not evidence. Moreover, occasionally during argument a lawyer for one side or the other may appear to state his or her belief concerning the facts in the case or the credibility of testimony. A lawyer is not permitted to state his or her belief during argument. He or she is permitted only to argue to you based upon what the evidence in this case shows. Thus, if you think a lawyer has expressed his or her personal belief or opinion during argument, you must disregard any such expression and judge the case only on the evidence.  The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

**Note: This instruction, which was given in Youssef I, expands on instruction number 2.05.**

Instruction No. 2.04

<u>INADMISSIBLE AND STRICKEN EVIDENCE</u>

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Instruction No. 2.01

## EVIDENCE IN THE CASE

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

Instruction No. 2.03

## <u>INFERENCES</u>

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. You should not engage in speculation or make a decision based upon conjecture, however.

Instruction No. 2.06

<u>JURY'S RECOLLECTION OF EVIDENCE CONTROLS</u>

During this case, the lawyers or I may have called your attention to certain evidence.  If you remember that evidence differently from the way the lawyers or I stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

Instruction No. 2.08

## BURDEN OF PROOF

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of his claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiffs side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then [the plaintiff has not carried the burden of proof and] your finding on that issue must be for the defendant.

Instruction No. 2.09


<u>EVIDENCE PRODUCED BY ADVERSARY</u>


In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him whether he produced it or his adversary produced it.

Instruction No. 2.10

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact, which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

Instruction No. 3.03

<u>EXPERT OPINION</u>

[You have heard testimony from persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or in determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion.]

[Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other evidence in the case.]

[In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.]

**Note: The specific language of this instruction may depend on the Court's rulings on expected motions in limine.**

Instruction No. 3.05

<u>DEPOSITION AS EVIDENCE</u>

During the trial of this case, certain testimony has been read to you. You should give to this testimony the same consideration as to its weight and credibility, as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you.  So, deposition testimony read to you should be treated the same as testimony of witnesses who sat in the witness chair.

Instruction No. 3.10

<u>CHARTS AND SUMMARIES</u>

The lawyers have shown to you various charts and summaries to help explain the facts. The facts in these charts and summaries come from books, records, and other documents which are in evidence in the case. The charts or summaries themselves, however, are not evidence or proof of any facts. If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries are used only as a convenience; you should disregard entirely any chart or summary that does not state the truth based upon the evidence. These charts and summaries have not been admitted as evidence but used as demonstrative aids.

## DEFENDANT'S PROPOSED SPECIALIZED INSTRUCTION 1: REDACTIONS TO EXHIBITS

The parties have introduced certain exhibits, including Mr. Youssef's FD-954, which have been redacted to remove references to information that has been determined to be classified.  This information cannot therefore be made available to the jury and you may not speculate as to the specific nature of the redacted, classified information. Nor may you consider the fact that certain information has been redacted in determining the merits of Mr. Youssef's retaliation claim. For example, you may not conclude that the redacted competencies were improperly scored by the Local Career Board based on the redacted information. You are further instructed that you may not draw any inference in favor or against either Mr. Youssef or the government based on the fact that certain information has been redacted.

**Note: The specific language of this instruction may depend on the Court's rulings on expected motions in limine.  Mr. Youssef has filed a request for prepublication clearance related to the withheld information.  The resolution of that request may render this instruction moot.**

<u>PLAINTIFF'S PROPOSED SPECIALIZED INSTRUCTION 1: REDACTIONS TO EXHIBITS</u>

The parties have introduced certain exhibits, including Mr. Youssef's FD-954, which have been redacted to remove references to information that the FBI maintains has been determined to be classified.  Mr. Youssef disagrees with these determinations.  You may consider all of the testimony you have heard regarding why the information contained in these provisions was classified by the FBI and you  may consider the fact that certain information has been redacted in determining the merits of Mr. Youssef's retaliation claim. For example, you may conclude that the redacted competencies were improperly scored by the Local Career Board based on the redacted information. You are further instructed that you may draw an inference in favor of Mr. Youssef based on the testimony and on the fact that certain information has been redacted.

**Note: The specific language of this instruction may depend on the Court's rulings on expected motions in limine.  Mr. Youssef has filed a request for prepublication clearance related to the withheld information.  The resolution of that request may render this instruction moot.**

**Defendant's Objection:** Defendant submits that its proposal more properly instructs the jury how to consider the redacted information.

## DEFENDANT'S PROPOSED SPECIALIZED INSTRUCTION 2: EVIDENCE ADMITTED FOR A LIMITED PURPOSE

You have heard evidence concerning Mr. Youssef's 2009 performance appraisal.  That evidence was received for a particular limited purpose. That evidence can be considered by you only for the limited purpose of assessing whether Mr. Zarone acted with retaliatory animus against Mr. Youssef at the time of Mr. Youssef's non-selection for the Assistant Section Chief position.  That evidence may not be considered for any other purpose. For example, you may not use it in assessing Mr. Youssef's qualifications for the Assistant Section Chief position.

**Note: The specific language of this instruction may depend on the Court's rulings on expected motions in limine.**

Source: Third Circuit Model Jury Instruction 2.10

PLAINTIFF'S PROPOSED ALTERNATIVE TO THE SPECIALIZED INSTRUCTION 2:
EVIDENCE ADMITTED FOR A LIMITED PURPOSE

You have heard evidence concerning Mr. Youssef's 2009 performance appraisal.  That

evidence was received for a particular limited purpose. That evidence can be considered by you

for the purpose of assessing whether Mr. Zarone and Mr. Fernandez acted with retaliatory

animus against Mr. Youssef at the time of Mr. Youssef's non-selection for the Assistant Section

Chief position.  That evidence may also be considered for assessing Mr. Zarone's ratings of Mr.

Youssef's qualifications for the Assistant Section Chief position.


**Note: The specific language of this instruction may depend on the Court's rulings on
expected motions in limine.**


Source: Third Circuit Model Jury Instruction 2.10


**Defendant's Objections:** Defendant submits that its proposal more accurately instructs the jury
of the limited purpose for which this evidence will be admitted at trial.

Instruction No. 3.01

## JURY TO DETERMINE CREDIBILITY OF WITNESSES

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

      If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

      You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

Instruction No. 3.08

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements that are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement that this witness made, and that prior statement is inconsistent with his and/or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he and/or she gave in court.

If the witness made the prior inconsistent statement at a deposition, then you may also treat that prior statement as evidence in this case--that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

Instruction No. 3.09

## ADOPTING PRIOR INCONSISTENT STATEMENTS

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

Instruction No. 3.02

## NUMBER OF WITNESSES

The number of witnesses testifying for either side does not determine the relative weight of the evidence on a particular issue. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact. If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

Instruction No. 1.06

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

Instruction from Youssef I

## THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT

## RESEARCH ON OR COMMUNICATE ABOUT A CASE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, or anything else if I've left something out, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

So, please don't communicate with anyone else about the case.  Again, you need to make this decision based on the evidence presented in the courtroom.  And I don't want you discussing it with others, they may give you other information, or doing any other research.  You have all of the information you have and you've got these instructions.

RETALIATION – THE PARTIES' CLAIMS

Let me move to Part 2, which gets to the claims.  Let me set out first the parties' claims. Mr. Youssef claims that the FBI retaliated against him for alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Specifically, Mr. Youssef contends that the FBI retaliated against him by not selecting him for the Assistant Section Chief position in the FBI Counterterrorism Division.

The FBI denies that plaintiff's claim of discrimination played any part in the selection decision for the Assistant Section Chief position.  Rather, the FBI states that it selected Daniel Powers based on his qualifications as described in his FD-954.

RETALIATION – LAW

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to retaliate against an employee because that employee has engaged in certain protected activities, such as making allegations about race, sex, or national origin discrimination.

In order to prevail on a claim of retaliation, the plaintiff, Mr. Youssef, must show all of the following by a preponderance of the evidence:

1.      He engaged in protected activity;

2.      He was subjected to a materially adverse action after the protected activity took place; and

3.      There was a causal connection between the protected activity and the materially adverse action, meaning that the defendant took the materially adverse action against plaintiff because of the plaintiffs protected activity.

The parties have agreed, and therefore it is uncontested, that the plaintiff engaged in protected activities by filing a discrimination complaint in 2002, including, leaving work for depositions, and attending court proceedings in 2009.  Therefore, in this case, the plaintiff has the burden of proving both of the other elements of retaliation by a preponderance of the evidence. The two instructions that immediately follow will explain the last two elements of retaliation in greater detail.

The fact that the plaintiff complained about discrimination is not sufficient, in and of itself, to prove plaintiff's claim of retaliation. The validity of the plaintiff's allegations of discrimination is not before you. You do not need to decide if these claims were valid or legitimate. Any evidence you have heard with regard to the allegations of discrimination made

by plaintiff are for background purposes only to explain plaintiff's protected activity and are not determinative of the issue of retaliation.

<u>PLAINTIFF'S PROPOSED SPECIAL INSTRUCTION CONCERNING INSPECTOR
GENERAL INVESTIGATION</u>


FBI employees have a right to participate in Inspector General proceedings and testify in any

such investigation.  The FBI may not downgrade any employee's performance or take any other

adverse action against an employee for participating or testifying in an Inspector General

proceeding. Such conduct would violate FBI policy.


**Defendant's Objections:**  Defendant objects to Plaintiff's proposed special instruction which
was added on March 11, 2015, the date of this filing.  Defendant reserves the right to raise more
specific objections at the appropriate time.

## MATERIALLY ADVERSE ACTION

The plaintiff must prove by a preponderance of the evidence that the defendant subjected him to a materially adverse action after he engaged in protected activity.  **Plaintiff may prove that he suffered a materially adverse action in one of two ways.**

**First, he may demonstrate that his non-selection was a "tangible employment action."**

**A "tangible employment action" means a significant change in employment status, such as the failure to promote or the reassignment with significantly different responsibilities.**

**A tangible employment action is not limited to monetary losses of benefits or wages, but it must be more than a mere inconvenience or minor alteration of job responsibility.**

**Second, even if you find that the non-selection was not a "tangible employment action," you may also find that the action was** ~~An action is~~ "materially adverse" if it is serious enough that it may have dissuaded or discouraged a reasonable employee in the plaintiff's position from complaining about discrimination. A materially adverse action does not have to be, although it can be, an action that causes the employee to lose his job or that otherwise affects his compensation, his employment status, his employment opportunities, or the terms, conditions, or privileges of his employment. A materially adverse action can also be an action that does not do any of those things but still may have dissuaded a reasonable employee in plaintiff's position from complaining about discrimination because it posed an objective threat to the employee's reputation or career prospects. A materially adverse action must cause the plaintiff some injury or harm. This injury or harm does not have to be an injury or harm to plaintiff's employment or career; it can also be emotional injury or harm.

**Authority:**
*Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998) (conduct is a tangible employment action if it "constitutes a significant change in employment status, such as hiring, firing, failure to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits").

**Source**:
Faculty of Federal Advocates, "Model Employment Law Jury Instructions," (September 2013), p. 17.


[NOTE:  PLAINTIFF MAY ASK THE COURT TO INSTRUCT THE JURY THAT THE DENIAL OF THE ASC POSITION WAS A MATERIALLY ADVERSE ACTION, AND THIS INSTRUCTION WOULD ONLY BE USED IN THE ALTERNATIVE, IF THAT REQUEST WAS DENIED.]


**Defendant's Objections:** The unbolded text above reflects the Court's instruction from the Youssef I trial.  The bolded portions are Plaintiff's additions to the Court's instruction. Defendant objects to Plaintiff's amendments on the grounds that they are confusing and do not state the law as accurately as the Court's unmodified instruction.

## CAUSAL CONNECTION

The plaintiff must prove by a preponderance of the evidence that there was a "causal connection" between the protected activity and the materially adverse action. In other words, the plaintiff must prove that the defendant took the allegedly materially adverse action because the plaintiff engaged in a protected activity under Title VII.

The defendant has said that Mr. Powers was selected for legitimate, non-retaliatory reasons. If you believe that legitimate, non-retaliatory reasons were the real reasons for defendant's actions, you must find for the defendant. However, if you believe that legitimate, non-retaliatory reasons were not the real reasons for defendant's actions, but instead were a pretext or false reasons, then you may find, although you are not required to find, that plaintiff has proved his claim of retaliation.

The plaintiff bears the ultimate burden of proving retaliation. In other words, defendant is not required to prove that the FBI did not retaliate. Instead, the plaintiff must prove that the FBI did retaliate. Thus, Mr. Youssef bears the burden of persuading you that he was the victim of unlawful retaliation.

The plaintiff may prove retaliation by direct or circumstantial evidence.  Therefore, you may consider the nature of the acts themselves, the timing of the action, and you may consider the reasons given for taking the action.  An employer is not liable merely because the employer may have made a personnel decision that was unwise or ill advised. An employer may act for any reason, so long as retaliation is not the reason for the employer's action.

**<u>Defendant's Proposed Additional Language (IG Investigation)</u>**:

      The parties have agreed that Mr. Youssef engaged in protected activity because he filed a discrimination complaint in 2002 and participated in proceedings related to that complaint in 2009.  **For purposes of determining whether there was a causal connection between the protected activity and the materially adverse action, you may consider only the discrimination complaint as protected activity.  You may not consider any other conduct as protected activity.  For example, you have heard evidence concerning Mr. Youssef's involvement in an investigation by the FBI's Inspector General.  Mr. Youssef's involvement in the Inspector General investigation is not considered protected activity under Title VII and may not be considered for purposes of determining whether there was a causal connection between the protected activity and the materially adverse action.**

<u>Plaintiff's Objection</u>:  Plaintiff objects to the bold portion of this instruction.  The scope of protected activity under Title VII includes not only the filing of a complaint, but testimony, attendance of deposition and all officially approved leave granted by the FBI pursuant to Mr. Youssef's participation in the EEO process.  Furthermore, as further explained in Plaintiff's Opposition to Defendant's Pretrial Brief, the IG investigation did concern allegations of Title VII violations raised by Mr. Youssef, and the statements made by Mr. Zarone in his comments to Mr. Youssef's 2009 PAR regarding the IG investigation are relevant to this case.

**Plaintiff's Proposed Additional Language (IG Investigation)**:

The parties have agreed that Mr. Youssef engaged in protected activity because he filed a discrimination complaint in 2002, and participated in proceedings related to that complaint in 2009.  For purposes of determining whether there was a causal connection between the protected activity and the materially adverse action, you may consider Mr. Youssef's Title VII related activities for which he engaged in in 2009 as protected activity.   You have heard evidence concerning Mr. Youssef's involvement in an investigation by the FBI's Inspector General.  Mr. Youssef's involvement in the Inspector General investigation may also be considered protected activity under Title VII, although the FBI has contested this fact. Should you credit Mr. Youssef's testimony on this issue, you may also consider his participation in the Inspector General investigation as protected activities when determining whether there was a causal connection between the protected activity and the materially adverse action.

Even if you were not to consider Mr. Youssef's involvement in the Inspector General investigation as protected Title VII activity, it was against FBI policy to downgrade Mr. Youssef's performance based on his participation in an Inspector General investigation.  Such participation is mandatory for all FBI agents.


**Defendant's Objections:** Plaintiff's proposal misstates the law.  *See* 42 U.S.C. § 2000e-3(a) (prohibiting retaliation for protected activity under Title VII).  Defendant's proposal more accurately instructs the jury as to the particular protected activity at issue in this case.  *See Youssef v. Holder,* 2014 WL 298844, at *21 (D.D.C.) (finding that Plaintiff's EEO activity consisted of "filing of an EEO complaint, initiating a lawsuit claiming that he had suffered national origin-based employment discrimination in violation of Title VII, and participating in legal efforts related to that lawsuit").

INTENT

The plaintiff must show that the defendant intentionally retaliated against him. The plaintiff is not required to produce direct evidence of intentional retaliation. Intentional retaliation may be inferred from the existence of other facts, but whether the evidence is direct or inferential, the plaintiff must prove by a preponderance of the evidence that the defendant intended to retaliate.

**Plaintiff's Proposed Additional Language**:

In finding a causal connection or intentional retaliation you may also rely on circumstantial evidence that the defendants explanation for the employment practice was unworthy of credence.  Thus, if you find that the FBI's explanation of its decision not to promote Mr. Youssef into the Assistant Section Chief position was not worthy of credence, you may also find that this decision was intentionally discriminatory.

Based on the testimony you may also find that the circumstantial evidence of retaliation was even more probative of intentional discrimination then direct evidence or explicit admissions.  NOTE:  THIS ADDITION IS BASED ON THE LANGUAGE IN DESERT PALCE V. COSTA, 539 U.S. 90, 99-100 (2003) and other cases following this decision.

**Defendant's Objection:** Defendant objects to the additional language because other instructions more accurately and less argumentatively state the law.  Moreover, *Desert Palace* does not prescribe the weight that a jury must give to particular evidence in any given case.  The instruction also is misleading and prejudicial because it suggests the Court believes the jury should find a causal connection.

<u>PLANITIFF'S PROPOSED SPECIALIZED INSTRUCTION: DETERMINING
FACTOR – DEFINED</u>

Mr. Youssef is not required to prove that his protected activity was the sole or exclusive

motivating factor for the Defendant's decision(s) or that all of the Defendant's stated reasons for

his non-selection were false. Mr. Youssef must prove only that his protected activity was a

determinative factor that made the difference in the Defendant's decision to not to select Mr.

Youssef for the Assistant Section Chief position.

A determinative factor does not need to be the sole factor motivating the defendant's

employment action.  There may be multiple determinative factors for a given employment

action.  A factor is determinative so long as the other factors alone would not have resulted in the

adverse action.

In determining whether he was not selected for the Assistant Section Chief position

because of his protected activity,  you may consider any statements made or act done or admitted

by the Defendant, and all other facts and circumstances in evidence indicating state of mind. An

improper motive, if it exists, is seldom directly admitted and may or may not be inferred from

the existence of other facts.

**Authority**:
42 U.S.C.A § 2000e-2(m); *Burrage v. U.S.*, 134 S. Ct. 881, 888 (2014); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003) (recognizing a Plaintiff may prevail on a discrimination case even when more than one factor motivated the employer's employment decision); *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217 (10th Cir. 2008); *Elmore v. Capstan, Inc.*, 58 F.3d 525, 530 (10th Cir. 1995); *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 992 (10th Cir. 1994); *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004); *James v. Sears, Roebuck & Co.*, 21 F.3d 989, 992 (10th Cir. 1994); *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 256 (1981), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973).

**Source**:
Faculty of Federal Advocates, "Model Employment Law Jury Instructions," (September 2013), p. 5.

**Defendant's Objections:** Defendant objects to this proposed instruction because it misstates the law of retaliation. *See Porter v. Natsios*, 414 F.3d 13, 19 (D.C. Cir. 2005); *Beckford v. Geithner*, 2009 U.S. Dist. LEXIS 96038, at *19 n.3 (D. D.C.).  Plaintiff's instruction assumes that he can raise a "mixed-motive" claim that retaliation was a "motivating factor" in the decision not to select him for the ASC position. The Supreme Court, however, has made clear that the 1991 Amendment to Title VII did not create a mixed-motive cause of action in a retaliation case, *University of Texas Southwestern Medical Center v. Nasser*, --- U.S. ---, 133 S. Ct. 2517, 2524-34 (2013), but rather requires a "but-for" cause and Plaintiff's proposed instruction therefore misstates controlling law.

<u>PLAINTIFF'S PROPOSED SPECIALIZED INSTRUCTION – PRETEXT</u>

Mr. Youssef claims that the Defendant's stated reasons for its non-selection of Mr. Youssef for the Assistant Section Chief position are not the true reasons, but instead are a pretext (an excuse) to cover up for retaliation.  If you do not believe one or more of the reasons the Defendant employer offered for not selection Mr. Youssef to the Assistant Section Chief position, then you may, but are not required to, infer that retaliation was a factor that made a difference in the Defendant's decision. Mr. Youssef need not disprove every reason stated by the Defendant in order to prove pretext.

Mr. Youssef may show that the Defendant's stated reasons for its decision is pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretext are:

1.     Evidence that any one the of the Defendant's stated reasons for the decisions are fake or implausible; or

2.     Evidence that the Defendant acted contrary to a written or unwritten company policy or an established company practice when Mr. Zarone (with the approval of Mr. Fernandez) downgraded Mr. Youssef's 2009 Performance Review;  or

3.     Evidence that the Defendant otherwise exhibited disturbing procedural irregularities in dealing with Mr. Youssef; or

4.     The criteria used to evaluate Mr. Youssef were entirely subjective.

5.     The FBI's explanation of its decision was not worthy of credence.

If you find pretext, you may, but are not required to infer that retaliation was a factor that made the difference in the employer's treatment of Mr. Youssef.

**Authority**:

*Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2108-09 (2000); *Townsend v. Lumberman's Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 266-68 (1977) (disturbing 6 procedural irregularities); *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005) (rejection of the Defendant's proffered legitimate reason for the adverse employment action will permit the trier of fact to infer the ultimate fact of intentional discrimination); *Green v. New Mexico*, 420 F.3d 1189, 1195 (10th Cir. 2005) (use of subjective criterion); *Townsend v. Lumbermens Mutual Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002) (if jury disbelieves an employer's proffered explanation they may -- but need not -- infer that the employer's true motive was discriminatory); *Selenke v. Med. Imaging of Colo., Inc.*, 248 F.3d 1249, 1261 (10th Cir. 2001) (pretext must be resolved by reference to the person making the decision at the time the decision is made); *Kendrick v. Penske Transp. Servs. Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000); *Tyler v. Re/Max Mtn. States, Inc.*, 232 F.3d 808, 813 (10th Cir. 2000) (if at the time of the adverse employment decision the decision maker gave one reason, but at the time of trial gave another reason which was unsupported by the documentary evidence, the jury could reasonably conclude that the new reason was a pretextual after-the-fact justification). *Desert Palce v. Costa*, 539 U.S. 90, 99-100 (2003) (unworthy of credence). *Annett v. Univ. of Kan.*, 371 F.3d 1233 (10th Cir. 2004).

**Source**:

Faculty of Federal Advocates, "Model Employment Law Jury Instructions," (September 2013), pp. 6-7.

**Defendant's Objections:** The retaliation instruction more properly instructs the jury on applicable law.  This proposed instruction is confusing and suggests a mixed-motive as opposed to but-for cause is the applicable standard, contrary to controlling law.  *See University of Texas Southwestern Medical Center v. Nasser*, --- U.S. ---, 133 S. Ct. 2517 (2013).  The instruction also improperly and excessively includes facts at issue in this case.

Instruction No. 12.02

## EXTENT OF DAMAGES—PROXIMATE CAUSE

The plaintiff is entitled to damages that the defendant's retaliation proximately caused. The defendant is liable only for the damages that its conduct caused. If you find that defendant's conduct caused only part of the plaintiff's damages, then the defendant is liable only for that part.

## COMPENSATORY DAMAGES

I will now give you instructions about how to calculate damages. The fact that I do so does not mean that I think a particular party is entitled to your verdict in this case. Those decisions are entirely for you to make. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

If you find that the defendants retaliated against the plaintiff, then you must determine an amount that is fair compensation for the plaintiff's damages. You may award compensatory damages only for injuries that the plaintiff proved were caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation - no more and no less.

You may award damages for any pain, suffering, mental anguish, embarrassment, humiliation, or harm to his professional reputation that the plaintiff experienced as a consequence of the defendants' allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

You may not award any punitive damages in this case. Thus, you may not base any monetary award on a desire to punish the defendants, to prevent retaliation from being repeated in the future, or to warn other employers not to engage in retaliation. Rather, any monetary award that you make must be calculated solely to provide fair compensation to the plaintiff for his actual injuries caused by retaliation, and on no other basis.

Instruction 2.502


## SELECTION OF FOREPERSON


When you return to the jury room, you should select a foreperson to preside over your

deliberations and to be your spokesperson here in court. There are no specific rules regarding

how you should select a foreperson. That is up to you. However, as you go about the task, be

mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider

selecting a foreperson who will be able to facilitate your discussions, who can help you organize

the evidence, who will encourage civility and mutual respect among all of you, who will invite

each juror to speak up regarding his or her views about the evidence, and who will promote a full

and fair consideration of that evidence.

Instruction 1.05

## <u>ATTITUDE AND CONDUCT OF JURORS</u>

You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

Instruction 1.04

## JUROR'S DUTY TO DELIBERATE

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict solely because of other jurors' opinions.

Instruction 2.405


A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree to the verdict. In other words, your verdict must be unanimous.

Instruction 2.75

If it becomes necessary during your deliberations to communicate with me, you may send a note with the clerk, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind that you are never, under any circumstance, to reveal to any person – not the clerk, the marshal, or me – how jurors are voting until after you have reached a unanimous verdict. This means, for example, that you should never tell me in writing or in open court, how the jury is divided – for example, 3 to 5, or in any other fashion – whether the vote is for plaintiff or defendant or on any other issue in the case.

In other words, never give any indication of where you are in your deliberations in terms of any split or where you are on particular issues.

## NOTETAKING BY JURORS – NOTE

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the note-taker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom. I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

## FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return the instructions to me when your verdict is rendered.

1.

VERDICT FORM

A form of verdict has been prepared for your convenience. You will take this form to the jury room, and when you have reached unanimous agreement, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. Then you will return with your verdict to the courtroom. As you will note from the instructions on the verdict form, depending on how you answer a question, it may or may not be necessary to answer the next question, so you should follow the instructions provided.