UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BASSEM YOUSSEF, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-1362 (CKK) |
| | ) | |
| v. | ) | ECF |
| | ) | |
| ERIC H. HOLDER, JR., United States Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendant Eric Holder, Attorney General, on behalf of the Federal Bureau of Investigation ("FBI"), a component of the Department of Justice, respectfully responds to Plaintiff Bassem Youssef's motion in limine seeking to limit the FBI's evidence in a trial on a second retaliation claim brought by Plaintiff based on the same underlying EEO activity. Plaintiff's motion asks the Court for three pretrial rulings: (1) that Plaintiff's non-selection for an Assistant Section Chief ("ASC") position was a materially adverse action within the meaning of Title VII (Pl.'s Mot. at 2-5); (2) to exclude testimony or evidence that the jury in *Youssef v. FBI* (*Youssef I*), Civil Action No. 03-1551 (CKK), entered a verdict in favor of the FBI on Plaintiff's first retaliation claim (*id.* at 5-6); and (3) to admit in evidence an article, entitled "The FBI's Least Wanted," published in *Mother Jones* magazine, as "evidence of the knowledge and awareness of certain witnesses that Plaintiff had engaged in [unspecified] protected activity" (*id.* at 7-13). The Court should deny Plaintiff's motion in its entirety for the reasons stated below.

## ARGUMENT

### I. Plaintiff's Motion is Procedurally Improper and Fails on the Merits.

#### A. Plaintiff's Motion is Procedurally Improper Because it Seeks to Resolve a Disputed Element of Plaintiff's Claim.

One of the elements that Plaintiff must prove in order to prevail at trial is that Defendant "took an adverse personnel action against him." *Youssef v. Holder*, 19 F. Supp. 3d 167, 198 (D.D.C. Jan. 28, 2014) ("*Youssef II*"). Plaintiff seeks, through his motion in limine, to prevent Defendant from offering any evidence on this element of Plaintiff's claim. Specifically, Plaintiff asks the Court to restrict Defendant from introducing any evidence that the non-selection of Plaintiff for the Assistant Section Chief position did not constitute an adverse employment action. *See* Pl's Mot. at 2-5. Plaintiff's request is effectively an untimely, meritless, and procedurally improper motion for partial summary judgment, and should be denied.

"Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). "In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion. Allowing a party to litigate matters that have been or should have been resolved at an earlier stage . . . deprives their opponents of the procedural protections that attach at summary judgment." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *see also Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010) ("In light of their limited purpose, motions in limine should not be used to resolve factual disputes, which remains the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.")

(internal quotation marks omitted); Local Civil Rule 7(h) (defining procedural requirements for summary judgment motions).

Accordingly, where "the motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered." *Louzon*, 718 F.3d at 563.  Indeed, courts routinely deny motions in limine that seek to resolve disputed elements of a claim.  *See, e.g.*, *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) (reversing district court decision that had "essentially converted [a] motion in limine into a motion for summary judgment"); *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (affirming denial of motion in limine because the defendant's argument "goes to the sufficiency of [the plaintiff's] evidence" and noting that "[w]hile this might be a proper argument for summary judgment or for judgment as a matter of law, it is not a proper basis for a motion to exclude evidence prior to trial"); *Clark Distrib. Sys. v. ALG Direct*, 2014 U.S. Dist. LEXIS 127221, at *2-4 (M.D. Pa. Sept. 11, 2014) ("motions in limine are intended to address the admissibility of evidence at trial, not dispositive issues more appropriately raised in a motion for summary judgment"); *Bliss v. BNSF Ry. Co.*, 2013 U.S. Dist. LEXIS 146101, at *4-5 (D. Neb. Oct. 9, 2013) ("Courts should not effectively convert a motion in limine into one for summary judgment[.]"); *Badger v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. LEXIS 91216, at *13-14 (D. Nev. June 28, 2013) ("the Court will not convert a motion in limine into a motion for summary judgment"); *Hinkle v. Ford Motor Co.*, No. 3:11-24-DCR, 2012 U.S. Dist. LEXIS 165568, at *25 (E.D. Ky. Nov. 20, 2012) ("[T]he Court will not rule on this substantive issue in a motion in limine."); *Bell v. Prefix, Inc.*, No. 05-74311, 2009 U.S. Dist. LEXIS 101889, at *3 (E.D. Mich. Nov. 2, 2009) ("Normally, motions in limine are not proper procedural devices for the wholesale disposition of theories or defenses.") (internal quotation

marks omitted); *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009) (noting that motions in limine should be denied when the moving party seeks to "prevent the non-moving party from presenting its case"); *Ohio Oil Gathering Corp. III v. Welding, Inc.*, No. 2:09-cv-782, 2010 U.S. Dist. LEXIS 136248, at *9 (S.D. Ohio Dec. 9, 2010) ("Defendant's motion is more a motion for judgment on the pleadings or for summary judgment . . . than it is a motion in limine. The time for filing such dispositive motions has long closed, however, and Defendant cannot evade this Court's summary judgment deadline simply by captioning its dispositive motion in a creative manner."); *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 873 (W.D. Mich. 2008) ("Defendants' motion does not raise questions of the admissibility of certain evidence or suggest that the jury would somehow be prejudiced by the evidence. Accordingly, there is no basis, as a motion in limine, for excluding this evidence."); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 531 (D.N.J. 2008) (denying a motion in limine for improperly "call[ing] upon the Court to weigh the sufficiency of the evidence in support of the parties' claims and defenses and, in effect, to resolve the parties' factual disputes on the eve of trial").

As in the above-cited cases, here, Plaintiff's request that the Court hold, "[a]s a matter of law," that "Defendant's denial of Plaintiff's application for a promotion constituted an adverse employment action" is a request for partial summary judgment. *See Louzon*, 718 F.3d at 562 ("the true nature of Ford's motion is evident from the first page, where Ford argues that as a matter of law," Ford must prevail on the issue). "Resolution of this issue—whether [Defendant's] evidence is insufficient as a matter of law—requires a summary-judgment analysis." *Id.* Plaintiff could have, but chose not to, file a motion for partial summary judgment before the February 22, 2013 deadline set by the Court for such motions. *See* ECF No. 39.

4

Accordingly, Plaintiff's motion should be denied.

### B. There is a Genuine Dispute of Material Fact Regarding the Adverse Employment Action Element.

Although Plaintiff's motion should be denied because it was filed over two years after the summary judgment motion deadline and is non-compliant with the other procedural requirements for such motions, it also fails on the merits. There is indeed a genuine dispute of material fact concerning whether the denial of Plaintiff's application for the ASC position constituted an adverse employment action.

Although Plaintiff characterizes the ASC position as a "promotion" for Mr. Youssef, "what constitutes a promotion . . . may only be decided by looking at an employee's skills and goals in the context of an employer's needs and openings, all of which is a question properly reserved for the jury, not to be ruled on as a matter of law by the court." *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1212 (2d Cir. 1993). Moreover, there is substantial evidence that the ASC position would merely be a reassignment for Mr. Youssef, not a promotion. As discussed in the attached Declaration of Valerie Parlave ("Parlave Decl."), Plaintiff would not have received any increase in salary had he moved to the ASC position from his Unit Chief position. *See* Parlave Decl., ¶¶ 4-5. Also, reassignment to the ASC headquarters position was not the next step required for Plaintiff's advancement within the FBI. *See id.* ¶¶ 6-11. Rather, the next step for Plaintiff in the recognized promotional track for FBI special agents was an Assistant Special Agent In Charge ("ASAC") field position. *See id.* ¶¶ 7-9. Indeed, even Edward Curran, Plaintiff's proffered "expert" witness in this case testified in the previous trial that the next step for an agent in the Unit Chief position was to go into the field as an ASAC:

> Once you entered the career development program, which is a – basically a very
> small percentage of the total FBI population, you are very familiar with what it is

> you need to do to reach the next step, whether you become a relief supervisor, full-time supervisor. What you need to do to go down to FBI Headquarters as a supervisor, Unit Chief.
>
> If I can just explain, once you're down at headquarters, ***you're primary objective is to get out of headquarters and get into the field as a senior manager within the FBI. The ASAC position would have been your next position***, so you're back out of headquarters, you're actually running or second in command of a field office.

*Youssef v. Holder*, No. 03-1511, Trans. of Jury Trial, ECF No. 266, at 89:15-90:1 (emphasis added).

Accordingly, there is ample evidence from which the jury could conclude that the ASC position would not have been a "promotion" for Plaintiff and that his non-selection for that position was not an adverse employment action.

Finally, Plaintiff is incorrect in claiming that allowing evidence on this issue would "delay the trial by requiring plaintiff to introduce evidence that is simply not necessary[.]" Pl's Mot. at 4. The very next paragraph in Plaintiff's brief reveals the error in Plaintiff's argument; Plaintiff acknowledges that the same evidence will be introduced anyway supposedly to prove "how obtaining this position would have enhanced Mr. Youssef's reputation and job satisfaction[.]" *Id*. Likewise, Defendant's evidence on this issue will be introduced to prove, among other things, that Plaintiff's reputation was not harmed and that Plaintiff was not damaged.

## II. Plaintiff's Proffered Evidence May Make the Youssef I Verdict Relevant in this Case.

Plaintiff asks the Court to exclude evidence of the verdict entered in favor of the FBI in *Youssef I* as unfairly prejudicial under the balancing test of Rule 403 of the Federal Rules of Civil Procedure. *See* Pl.'s Mot. at 5-6. Notably, Plaintiff contends that "the Court should not

permit Defendant to make any reference to the jury verdict against Plaintiff in his prior Title VII action against Defendant, nor permit the parties to introduce any evidence as to the merits of any of Mr. Youssef's other Title VII proceedings." *Id.* at 5.

Although Plaintiff's proposed in limine ruling might be appropriate, if qualified as proposed herein, Plaintiff improperly qualifies the proposed limitation on presentation of evidence by arguing that Plaintiff should be able to introduce "some background information on the origins of Plaintiff's original discrimination claim … [to] establish[] the context from which the present action arose." Pl.'s Mot. at 6. If Plaintiff's objective is to establish the context from which the present action arose, then the jury should be told that Plaintiff was litigating a retaliation claim in 2009 when he applied, and was not selected for, the ASC position. That is because this case involves a successive retaliation claim, and the underlying protected activity here is Plaintiff's retaliation claim in *Youssef I*. The jury does not need to know that Plaintiff's prior retaliation claim was based on a national origin discrimination claim because that claim had been dismissed by the Court 18 months before the ASC selection decision. *See* Def.'s Mot. at 14. The nature of the original claim is also irrelevant in this case because there is no evidence of national origin animus by any of the selecting officials, and the Court properly dismissed Plaintiff's national origin discrimination claim for this reason. *See Youssef v. Holder*, --- F.2d ---- ("*Youssef II*"), 2014 WL 298844 (D.D.C. Jan. 28, 2014). *See also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002) (discrete acts, even if time-barred, "'may constitute relevant background evidence in a proceeding in which the status of the current practice is at issue.' The emphasis, however, 'should not be placed on mere continuity' but on 'whether any present violation exist[ed].'") (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)) (internal citations omitted).


Defendant submits that Plaintiff's request that the Court "nor permit the parties to introduce any evidence as to the merits of any of Mr. Youssef's other Title VII proceedings," Pl.'s Mot. at 5, is too narrow. The Court should not permit Plaintiff to introduce evidence as to any prior alleged discriminatory or retaliatory acts, regardless of whether or not such claims were raised as part of other Title VII proceedings. With this qualification, Plaintiff's statement largely mirrors the position proffered in Defendant's motion in limine:

> The Court should limit testimony and evidence about Youssef's prior EEO activity to a neutral statement that he was engaging in such activity at the time of his non-selection for the ASC position.

ECF No. 79 at 14.

Alternatively, to the extent that the Court declines to limit evidence of prior alleged discriminatory or retaliatory acts, and Plaintiff seeks to introduce such evidence, then Defendant should be entitled to introduce evidence of the *Youssef I* verdict. Defendant notes that Plaintiff has not formally noticed his intent to introduce any specific prior discriminatory or retaliatory acts by Defendant pursuant to Rule 404(b) of the Federal Rules of Civil Procedure. *See Coles v. Perry,* 217 F.R.D. 1, 9–10 & n. 5 (D.D.C. 2003) ("[O]nly discrimination or retaliation of the same character and type as that [which] is alleged is probative. To establish that a prior discriminatory act is probative of the intention or motive of the defendant, there must be some reason to believe that his motivation or intention in the acts in question was similar to his motivation or intention on the prior occasion."). Without such specific notice, the Court is not in a position to determine if a narrower rule would be appropriate.

In this circumstance, the verdict would be admitted to rebut Plaintiff's suggestion that the FBI has retaliated against him in the past, and therefore that it is more likely to have retaliated

against him in not selecting him for the ASC position.[1] In other words, the jury verdict in *Youssef I* would be necessary for the jury in this case to assess the significance of Plaintiff's background evidence in its full context.

### III. The *Mother Jones* Article Detailing Plaintiff's Whistleblowing Activities Should Be Excluded an Inadmissible Hearsay.

Plaintiff asks the Court to admit in evidence an article, entitled "The FBI's Least Wanted," published in *Mother Jones* magazine five months before the ASC selection decision, as "evidence of the knowledge and awareness of certain witnesses that Plaintiff had engaged in [unspecified] protected activity." *See* Pl.'s Mot. at 7 (proposed limiting instruction). Defendant's motion in limine asks the Court to exclude the same article as inadmissible hearsay. *See* Def.'s Mot. at 18. Even assuming that the article is not offered for the truth of its contents and is otherwise admissible, it should be excluded under a Rule 403 balancing because any marginal relevance of the article to Plaintiff's retaliation claim is substantially outweighed by the prejudice caused to Defendant by admission of evidence of Plaintiff's whistleblowing activities which are not protected activity under Title VII. Nor can a limiting instruction cure the prejudice and confusion caused by introduction of a substantial amount of evidence unrelated to Plaintiff's Title VII retaliation claim.

The Court should therefore not permit Plaintiff to introduce the article in evidence – either for its truth or any proffered non-hearsay effect on Mr. Zarone, one of the voting members

---

[1] Plaintiff could also open the door to admission of the prior verdict if he seeks to introduce evidence that his reputation was harmed by his non-selection for the ASC position in a similar manner as he alleged in *Youssef I*. Plaintiff's evidence in the prior case was that he had a baseline reputation that was harmed by alleged retaliatory acts involving the denial of certain training. Those acts predated the ASC non-selection decision. If Plaintiff seeks to testify differently in this case, and suggest that his reputation was not harmed until the time of his non-selection, he will be subject to impeachment based on his prior inconsistent testimony and the *Youssef I* verdict may become relevant in this case.

of the Local Career Board that recommended a different candidate for the ASC position. Plaintiff concedes that "[i]t was Ms. Santa, an FBI manager, who chose to alert Mr. Zarone of the article's existence." Pl.'s Mot. at 13. Knowledge of the existence of an article, however, is different than knowledge of Plaintiff's ongoing EEO activity, particularly when the article contains no clear and unambiguous reference to such activity.

To the contrary, the article is almost exclusively about Plaintiff's whistleblowing activities, as evident from its opening paragraph:

> The FBI's highest-ranking Arabic-speaking agent is a ghost. He goes to work each day, but walks the halls like an empty suit. Fellow agents whisper about his loyalty and talk about throwing him "off the roof." Bassem Youssef, after all, is the whistleblower (1) at the center of two of the FBI's biggest ongoing scandals: its rampant abuse of national security letters (2) to access confidential information on US citizens, and its failure to recruit Arabic speaking agents, (3) He's sued the bureau for discrimination and has been sidelined to a paper-pushing job, Yet he won't quit-he remains determined, he says, to fight the war on terror, even if he has to battle his bosses to do it.

*Id.* (quoting Pl.'s Ex. 12). The remainder of the article is also almost exclusively about Plaintiff's whistleblower activities. *See* Pl.'s Ex. 12.

The Court should therefore deny Plaintiff's request to introduce the article in evidence because the newspaper article is not about Plaintiff's protected EEO activity in 2009, which is the basis for his retaliation claim in this case, but rather is a self-serving historical account of Plaintiff's whistleblowing activities with a passing reference that "[h]e's sued the bureau for discrimination and has been sidelined to a paper-pushing job." *See id.* Indeed, at most, the article suggests that Plaintiff was unhappy with his current job, and presumably would not be interested in another "paper-pushing job," such as the ASC position he applied for. Furthermore, the article does not describe Plaintiff's current "lawsuit" as an ongoing retaliation claim under Title VII, and it does not refer to an Inspector General investigation, the other distractor noted in Mr.

Zarone's notes to Plaintiff's 2009 performance assessment review. Thus, an equally plausible reading of the article is that Plaintiff's ongoing legal activities, or lawsuit, involved a whistleblowing case based on one of the "scandals" described in the article. Under these circumstances, the probative value of this exhibit to Youssef's retaliation claim in this case is marginal and is clearly outweighed by the unfair prejudice of its self-serving detailed description of his non-EEO whistleblower activity under a FRE 403 balancing.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion in limine.

Respectfully submitted,

VINCENT H. COHEN, JR., D.C. Bar # 471489
Acting United States Attorney for the District of
 Columbia

DANIEL VAN HORN, D.C. Bar # 924092
Chief, Civil Division

        /s/
JOHN G. INTERRANTE, PA Bar # 61373
JOSHUA M. KOLSKY, DC Bar # 993430
Assistant United States Attorneys
Civil Division
555 4th Street, N.W., Room E-4808
Washington, D.C. 20530
Tel: 202.252.2519
Fax: 202.252.2599
Email: John.Interrante@usdoj.gov