UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - -x

BASSEM YOUSSEF,

        Plaintiff,

    v.                          Case No. 1:11CV01362 (CKK)

ERIC HOLDER, Attorney General,
United States Department of Justice,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - -x

## DECLARATION OF VALERIE PARLAVE

I, Valerie Parlave, pursuant to the provisions of 28 U.S.C. ' 1746, declare as follows:

1.    I am currently employed as the Executive Assistant Director (EAD) in charge of the Human Resources Branch (HRB) of the Federal Bureau of Investigation (FBI). As the EAD, I lead the FBI's human capital needs and oversee its Human Resources, Training, and Security Divisions. From July 2008 to March 2010, I was the Section Chief of the FBI's Employee Development and Selection Program (EDSP) Section in the Human Resources Division. While there, I managed employee and leadership development and the promotional process for special agents, intelligence analysts, and the Senior Executive Service (SES).

2.    I commenced employment with the FBI in 1991 as a Special Agent.

3.    As the EDSP Section Chief, I was responsible for administering the FBI's mid-level management selection system, which included selections for GS-15 Assistant Section

Chief (ASC) positions, as well as selections for other GS-15 agent positions, including Unit Chief positions, such as the one held by Plaintiff Bassem Youssef in 2009. As the EAD, I continue to oversee this process.

4. I am aware that Plaintiff contends that the ASC position he applied for in 2009 was a promotion position. On the contrary, a selection from a GS-15 Unit Chief to a GS-15 ASC is not considered a promotion within the FBI; rather, the typical promotional track is from either a Unit Chief or ASC to ASAC to SES.

5. Such a selection does not increase an agent's salary or benefits.

6. Moreover, the ASC position is not career-enhancing for an agent's career progression, and does not increase an agent's opportunities for promotion.

7. Indeed, some employees move from the ASC position to the Unit Chief position as the eligibility criteria are exactly the same.

8. The typical agent career progression into the SES requires an agent to progress from a GS-13 street level agent to a GS-14 Supervisory Special Agent to a GS-15 Assistant Special Agent in Charge (ASAC).

9. The vast majority of agents enter the SES from the GS-15 ASAC position.

10. While Plaintiff could have applied for SES positions from his GS-15 Unit Chief position, to be most competitive for an SES position, he would have needed to obtain an ASAC position.

11. A selection for an ASC position would not have made him more competitive for the SES.

12. Nor would the ASC position have rendered him more competitive for any other

promotion in the FBI.

13. In fact, the ASC position is not part of the eligibility criteria for any job in the FBI, and most agents never serve in this position.

14. A promotion to the ASC position would not have expanded Plaintiff's supervisory responsibilities.

15. The ASC who previously held the position at issue in this matter supervised three Unit Chiefs, while the Plaintiff, as Unit Chief supervised 39 employees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 2, 2015

Valerie Parlave
Executive Assistant Director
Human Resources Branch
Federal Bureau of Investigation
Washington, D.C.