UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM YOUSSEF,<br><br>   Plaintiff,<br><br>     v.<br><br>ERIC H. HOLDER, JR., United States Attorney General,<br><br>   Defendant. | Civil Action No. 11-1362 (CKK) |

**ORDER**
(August 14, 2015)

The Court held the second pretrial conference in this matter on August 14, 2015, during which the Court and the parties discussed at length the parties' Motions *in Limine*. As discussed during the pretrial conference, the Court is ordering the parties to provide supplemental briefing on the issues outlined below. The Court clarifies that this Order does not seek to set out all of the arguments made by the parties during the pretrial conference, but instead focuses on the gravamen of the parties' arguments relating to the areas in which the Court requires further factual proffers and legal analysis in order to rule on the parties' Motions *in Limine*. Accordingly, the parties are hereby **ORDERED** to provide supplemental pretrial briefing as follows:

**I.   "Totality of Experience"**

For the first time in its supplemental pretrial brief, Defendant presented evidence that, at the time the Local Career Board ("LCB") at issue was held in 2009, LCB policies only permitted LCB members to consider the "totality of [an applicant's] experience" "(1) to break a tie between equally rated candidates or (2) to round-up the consensus rating of a particular competency when the

candidate's experience justified such a change." Def.'s Supp. Br., ECF No. [91], at 4. Defendant claims that the third scenario in which LCB members could consider "totality of experience"—to rank a lower-rated candidate ahead of a higher-rated candidate—did not become part of the LCB policies until after 2009. *Id.* at 4 n.1. This third application of "totality of experience" is the application that Plaintiff argues should have been applied by the LCB in evaluating Youssef's application against Powers' application. At the second pretrial conference, Plaintiff questioned the accuracy of Defendant's representations that the third "totality of experience" application was not part of the LCB policy in 2009 and argued that Plaintiff was prejudiced by Defendant's new argument as it was a departure from Defendant's previous representations about the LCB policies in 2009.

Accordingly, the Court hereby **ORDERS** that, by no later than **AUGUST 21, 2015**, Defendant shall provide to Plaintiff all documents demonstrating which "totality of experience" applications were part of LCB policies in 2009 and when the LCB policies changed to include the third application of "totality of experience." Defendant shall also file a Notice of Compliance with the Court by no later than **AUGUST 21, 2015**. The Court further **ORDERS** that Plaintiff shall file a Notice with the Court by no later than **SEPTEMBER 1, 2015**, indicating whether he is still disputing when the different "totality of experience" applications were in effect and, if there is still a dispute, detailing the nature of the dispute. The Court further **ORDERS** that, if the parties agree that the third application of "totality of experience" was not in effect when the LCB at issue met in 2009, Plaintiff shall file Supplemental Briefing by no later than **SEPTEMBER 21, 2015**, indicating if and how Plaintiff is prejudiced by Defendant's changed explanation of the LCB policies in effect in 2009.

## II. Testimony of Ed Curran

### a. Reputation Evidence

Plaintiff seeks to have Mr. Curran testify about Youssef's reputation and the damages caused to his reputation within the FBI community by his non-selection for the ASC position. The Court hereby **ORDERS** Plaintiff to file Supplemental Briefing by no later than **SEPTEMBER 21, 2015**, indicating what evidence Plaintiff has relating to Youssef's reputation within the FBI. Specifically, Plaintiff shall indicate what the relevant community for evaluating Youssef's reputation is, what the quality of Youssef's reputation prior to his non-selection was, and who will testify as to Youssef's reputation. Importantly, the Court emphasizes, as it did during the pretrial conference, that any testimony as to Youssef's reputation must address Youssef's reputation within a community, not simply Youssef's or another individual's personal views of Youssef's performance or the injury to his reputation.

Plaintiff also seeks to have Mr. Curran testify about the impact of Youssef's non-selection on Youssef's post-retirement job prospects outside of the FBI. The Court views such testimony to be less about reputational damage and more about lost opportunities damages. The Court hereby **ORDERS** Plaintiff to file Supplemental Briefing by no later than **SEPTEMBER 21, 2015**, indicating what evidence Plaintiff has about Youssef's lost opportunities damages. Specifically, Plaintiff shall indicate whether he has tried to find post-retirement employment, what opportunities he has missed, what Mr. Curran will testify to, and the factual predicate that would permit Mr. Curran to testify as an expert about Youssef's allegedly diminished post-retirement employment prospects.

### b. LCB Interview Process

Defendant indicated in its first supplemental pretrial brief and during the pretrial

conference that the FBI's LCB policies and procedures related to candidate interviews changed significantly in 2004. Mr. Curran—who Plaintiff is proposing as an expert to testify about LCB interview procedures—left the FBI in 2000, four years prior to the policy change and nine years prior to the LCB at issue. As a result, it is not clear to the Court what expert testimony Mr. Curran will be able to provide about the LCB interview procedures. Accordingly, the Court hereby **ORDERS** Plaintiff to file Supplemental Briefing by no later than **SEPTEMBER 21, 2015**, indicating whether Mr. Curran will still be offering expert testimony about the LCB interview procedures.

In addition, the Court **ORDERS** Defendant to file Supplemental Briefing by no later than **SEPTEMBER 21, 2015**, indicating whether the document attached to Valerie Parlave's declaration submitted with Defendant's previous supplemental pretrial brief, *see* ECF No. [89-1], represents the full LCB policy in effect in 2009. If this document is not the full policy in effect in 2009, Defendant shall provide Plaintiff with the full policy by **SEPTEMBER 21, 2015**.

### III. Classified Information

The Court understands from the parties that the Government has provided Plaintiff with a new version of his FD-954 application in which additional previously-classified information has been un-redacted. Plaintiff is presently reviewing the new version of his FD-954 and the parties hope to be able to resolve amongst themselves any remaining disputes about the redactions and how the redacted information should be presented to the jury. Accordingly, the Court hereby **ORDERS** Plaintiff to indicate in his Supplemental Briefing to be filed by no later than **SEPTEMBER 21, 2015**, whether any issues remain to be resolved relating to the redacted classified information in Plaintiff's FD-954.

**IV. Additional Pretrial Dates**

Once the Court has received all of the parties' Supplemental Briefing by September 21, 2015, the Court will evaluate whether additional briefing is required. The Court will set a date for the next pretrial conference once all supplemental briefing has been filed and a decision has been made as to whether additional responses are required from the parties.

**SO ORDERED**.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE