**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BASSEM YOUSSEF,<br>    Plaintiff,<br>        v.<br>LORETTA E. LYNCH, United States<br>Attorney General,<br>    Defendant. | **Civil Action No. 11-1362 (CKK)** |

**MEMORANDUM OPINION[1]**
(January 14, 2016)

Presently before the Court is Plaintiff's [100] Motion for Issuance of Trial Subpoenas.

Through Plaintiff's motion, Plaintiff seeks the issuance of trial subpoenas directed to Defendant

and Mr. Armando Fernandez for the following documents:

1. Any and all documents contained in Mr. Armando Fernandez's personnel file; and
2. Any and all documents relating to disciplinary actions or investigations related to Mr. Fernandez, including, but not limited to any Department of Justice ("DOJ") Office of Inspector General ("OIG") files and their findings or final disposition, FBI OPR files and their findings or final disposition, FBI Office of Equal Opportunity ("EEO") files and their findings and final disposition, and any other documents from all investigatory or disciplinary offices that may have been directly or indirectly related to Mr. Fernandez's deficiencies and/or misconduct.

Pl.'s Mot. at 1.  Plaintiff limits his request in time from the date discovery closed in this

matter (December 17, 2012) until such time as the FBI closes all investigations or proceedings

concerning Mr. Fernandez.  *Id.* at 1-2.  Upon consideration of the pleadings,[2] the relevant legal

---

[1] This Memorandum Opinion does not discuss any confidential information that was included in the materials filed *ex parte* and *in camera* on January 7, 2016, which the Court finds to be unrelated to the present suit and to which Plaintiff shall not be entitled access.  Accordingly, this Memorandum Opinion shall not be filed under seal.

[2] While the Court renders its decision on the record as a whole, its consideration has focused on the following documents:  Plaintiff's [100] Motion for Issuance of Trial Subpoenas, ECF No. [100]; Defendant's Opposition to Plaintiff's Motion, ECF No. [104]; the materials relating to the disciplinary action and investigation of Mr. Fernandez that were filed *ex parte* and *in camera* by

authorities, and the record as a whole, the Court shall GRANT-IN-PART, DENY-IN-PART Plaintiff's [100] Motion for Issuance of Trial Subpoenas.

For the reasons described below, the Court finds that Plaintiff is not entitled to all documents contained in Mr. Fernandez's personnel file.  The Court also finds, however, that Plaintiff is entitled to the portions of the two letters, filed *ex parte* and *in camera* by Defendants, that concern two OPR findings relevant to Mr. Fernandez's credibility, but only to the extent that such portions are necessary to provide Plaintiff with a good faith basis to conduct permissible impeachment of Mr. Fernandez at a *de bene esse* deposition and/or trial.

## I. BACKGROUND

Plaintiff's requests concern the employment of Mr. Armando Fernandez, an FBI employee who served as the Chairman of the Career Board that did not select Mr. Youssef for the Assistant Section Chief ("ASC") position.  Pl.'s Mot. at 3.  Mr. Fernandez was listed by Defendant in its Rule 26 initial disclosures and was deposed by Plaintiff during discovery.  *Id.* Documents contained in Mr. Fernandez's personnel file or relating to potential candor issues for agency witnesses were not requested by Plaintiff during discovery. Def.'s Opp'n at 1-2.

In the parties' joint pretrial statement, Defendant indicated that it seeks to introduce witness testimony by Mr. Fernandez at trial, which is scheduled to begin on May 16, 2016.  *See* ECF No. [77], at 20; Order (Nov. 16, 2015), ECF No. [107].  Because Mr. Fernandez is unavailable for trial under Federal Rule of Civil Procedure 32(a)(4)(B), the Court has permitted the parties to schedule a *de bene esse* deposition of Mr. Fernandez, which shall be used at trial in place of the witness's live testimony.  *See* Minute Order (Jan. 4, 2016).  The parties will be filing

---

Defendant on January 7, 2016; and Defendant's *Ex Parte* and *In Camera* Memorandum against Release of Documents Pertaining to Armando Fernandez, also filed on January 7, 2016.

a joint notice by January 21, 2016, indicating the logistical details regarding the deposition, including the date and location of the deposition. *See* Order (Nov. 16, 2015), ECF No. [107].

After discovery closed on December 17, 2012, and after summary judgment motions were decided on January 28, 2014, Plaintiff learned that Mr. Fernandez was demoted from his high-level Special Agent-in-Charge position with the FBI to Special Agent, a low-level position with no supervisory responsibility, and ultimately that Mr. Fernandez is no longer employed by the FBI, having been terminated. Pl.'s Mot. at 3. Plaintiff believes that this matter was investigated internally by the FBI as well as by the Department of Justice Office of the Inspector General. *Id.* at 4. Plaintiff maintains that these types of adverse personnel actions are highly unusual and indicate a strong likelihood that the witness may have engaged in serious misconduct and that there may have been findings related to his lack of candor. *Id.*

On October 19, 2015, Plaintiff filed the present motion, seeking (1) documents contained in Mr. Fernandez's personnel file and (2) documents relating to disciplinary actions or investigations related to Mr. Fernandez. *Id.* at 1. Plaintiff bases his request on the grounds that the requested documents "implicate the truth and veracity of Mr. Fernandez," and that the documents may also contain information related to Mr. Fernandez's bias, if any. *Id.* at 2.

On November 13, 2015, at the pretrial conference held before the Court, Defendant indicated that the documents at issue in Plaintiff's motion contain confidential information that is not reasonably related to the conduct at issue in this litigation. The Court ordered Defendant to file, *ex parte* and *in camera*, the materials at issue in Plaintiff's motion that Defendant believed to be confidential, as well as a memorandum of law in support of Defendant's arguments against the release of the documents to Plaintiff. *See* Order (Nov. 16, 2015), ECF No. [107]. On January 7, 2016, Defendant submitted, *ex parte* and *in camera*, certain materials relating to an

3

investigation and two disciplinary actions involving Mr. Fernandez, as well as a memorandum of

law against the release of the documents.  *See* Def.'s Notice of Compliance with Court Order,

ECF No. [116].

## II. DISCUSSION

Plaintiff's motion seeks two categories of documents:  (1) documents contained in Mr.

Fernandez's personnel file and (2) documents relating to disciplinary actions or investigations

related to Mr. Fernandez.  Pl.'s Mot. at 2.

Plaintiff believes that he is entitled to both categories of documents because they

"implicate the truth and veracity of Mr. Fernandez" and because they may contain information

related to the witness's bias, if any.  *Id.*  Plaintiff also argues that he could not have discovered

the evidence at an earlier date because the demotion occurred after Mr. Fernandez's deposition

and after discovery closed.  *Id.*

In response, Defendant contends that Plaintiff should not be entitled to either category of

documents because Plaintiff, during the discovery period, never propounded discovery seeking

the material now sought by Plaintiff.  Def.'s Opp'n at 1.  Defendant argues that Plaintiff could

have served a document request seeking documents relating to his personnel files and/or

potential candor issues for agency witnesses, but chose not to do so.  *Id.* at 2.

### A. Plaintiff is not entitled to all documents contained in Mr. Fernandez's personnel file.

The Court agrees with Defendant that Plaintiff is foreclosed from obtaining all documents

contained in Mr. Fernandez's personnel file.  It is well settled that a trial subpoena may not be

used as a substitute for civil discovery.  *See, e.g., Smith v. Royal Caribbean Cruises, Ltd.*, 302

F.R.D. 688, 693-94 (S.D. Fla. 2014).  Here, it is undisputed that Plaintiff did not request Mr.

Fernandez's personnel files during discovery, even though Plaintiff had the opportunity to do so. Instead, Plaintiff chose not to make such a request and waited until shortly before the third pretrial conference to seek these documents.  Plaintiff does not win a second chance at discovery of Mr. Fernandez's personnel files, merely because Mr. Fernandez's employment status has changed in the three-plus years since the close of discovery on December 17, 2012. Accordingly, the Court shall DENY Plaintiff's motion with respect to his request for all documents contained in Mr. Fernandez's personnel file.

> **B. Plaintiff is entitled to the portions of the two letters, filed *ex parte* and *in camera* by Defendants, that concern two OPR findings relevant to Mr. Fernandez's credibility, but only to the extent that such portions are necessary to provide Plaintiff with a good faith basis to conduct permissible impeachment of Mr. Fernandez at a *de bene esse* deposition and/or trial.**

On January 7, 2016, Defendant submitted, *ex parte* for the Court's *in camera* review, two documents describing disciplinary actions taken by the FBI's Office of Professional Responsibility ("OPR") and the FBI's Security Division against Mr. Fernandez.

The first document is a thirty-six page letter, dated September 8, 2014, addressed to Mr. Fernandez from Candice M. Will, Assistant Director of the OPR.  This letter notifies Mr. Fernandez of the OPR's decision to dismiss him from the FBI based upon his violations of the FBI Offense Code.  The letter provides an overview of the administrative steps leading to OPR's decision, including Mr. Fernandez's June 27, 2013 interview with agents from the Office of the Inspector General ("OIG"), OPR's written proposal of dismissal dated May 16, 2014, Mr. Fernandez's written response dated August 6, 2014, and a hearing that took place on August 18, 2014.  The letter also describes in detail evidence on which the OPR based its findings that Mr. Fernandez committed violations of six FBI Offense Code provisions.  The letter further advises Mr. Fernandez of his right to appeal his dismissal to the Disciplinary Review Board.

The second document is a four-page letter, dated July 15, 2015, addressed to Mr. Fernandez from Clifford C. Holly, Assistant Director of the FBI's Security Division.  This letter informs Mr. Fernandez of the Security Division's decision to revoke his security clearance based upon the same conduct described in the OPR termination letter.   The revocation letter also advises Mr. Fernandez that he may request reconsideration of that decision within 30 days.

Upon review of these documents, the Court finds that the disciplinary proceedings are in no way related to Plaintiff's retaliation claim or any of the facts underlying Plaintiff's case.  The events at issue in the disciplinary proceedings occurred several years after the events at issue in this case and in large part, after the close of discovery.   Additionally, the events at issue in the disciplinary proceedings primarily concern Mr. Fernandez's *personal* life, rather than his *professional* life, and cannot be seen as relevant to the any of the facts disputed in the present case.

Notwithstanding the lack of relevance between the disciplinary proceedings and the present case, the Court finds that two of the six findings issued by the OPR as part of its decision to dismiss Mr. Fernandez are relevant to Plaintiff's request on the grounds that these two findings "implicate the truth and veracity of Mr. Fernandez."  Specifically, the OPR found that (1) Mr. Fernandez violated FBI Offense Code 2.1 by providing false information on security documents and (2) Mr. Fernandez violated FBI Offense Code 2.6 by making false statements under oath.   The other four findings issued by the OPR, however, are not probative of Mr. Fernandez's character for truthfulness or untruthfulness, and again, are in no way relevant to the facts at issue in this case.   Those four violations are more appropriately characterized as "unethical acts" or acts "evince[ing] a lack of character," which by definition would not "implicate the truth and veracity of Mr. Fernandez."  *See United States v. Millings*, 535 F.2d 121,

6

123 (D.C. Cir. 1976); *United States v. Lewis*, 626 F.2d 940, 946 (D.C. Cir. 1980)).  *See also*
*United States v. Novaton*, 271 F.3d 968, 1046 (11th Cir. 2001).

In light of the two OPR findings that concern Mr. Fernandez's character for truthfulness,
the Court finds that Plaintiff shall be entitled to limited access of the materials submitted to the
Court.  The Court also notes that Plaintiff could not have discovered these materials during
discovery, as the events at issue in the disciplinary proceedings occurred after discovery closed
on December 17, 2012.  Additionally, Plaintiff's limited access to the materials would not result
in prejudice to Defendant and would not cause any undue delay, as trial is still four months
away, and the parties have not yet conducted the *de bene esse* deposition of Mr. Fernandez.

The Court reminds the parties, however, that any reliance on the two OPR findings to
impeach Mr. Fernandez's "character for truthfulness or untruthfulness" is limited by the
parameters of Federal Rule of Evidence 608(b).  Under that Rule, "extrinsic evidence is not
admissible to prove specific instances of a witness's conduct in order to attack or support the
witness's character for truthfulness."  Fed. R. Evid. 608(b).  Therefore, if Mr. Fernandez admits
the offenses during a *de bene esse* deposition and/or trial, no further inquiry shall be permitted.
*See id.*  If Mr. Fernandez were to deny the offenses, Rule 608(b) would preclude Plaintiff from
introducing extrinsic evidence of the two OPR findings.  *See id.*

Accordingly, the Court finds that Plaintiff is entitled to the portions of the two letters,
filed *ex parte* and *in camera* by Defendants, that concern the two OPR findings relevant to Mr.
Fernandez's credibility, but only to the extent that such portions are necessary to provide
Plaintiff with a good faith basis to conduct permissible impeachment of Mr. Fernandez at a *de
bene esse* deposition and/or trial.  Defendant shall produce to Plaintiff and the Court, prior to
**January 21, 2016**, redacted versions of the two letters filed *ex parte* and *in camera* by

7

Defendants in accordance with the parameters set forth in this Memorandum Opinion.

**C. Plaintiff is not entitled to any other documents that may pertain to the disciplinary proceedings involving Mr. Fernandez.**

In addition to the two letters filed *ex parte* and *in camera* with the Court—which Plaintiff is entitled to access on a limited basis in accordance with the parameters discussed above— Defendant indicated in its *ex parte* and *in camera* filing that it is also in possession of certain additional documents pertaining to the aforementioned disciplinary proceedings involving Mr. Fernandez, which Defendant describes as "voluminous and largely repetitive of the filed materials."

Having reviewed Defendant's description of the additional documents in its possession, which describe documents that support the conclusions of the disciplinary proceedings, the Court cannot see how discovery of the additional documents could yield any new information that would be "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  In light of the documents' duplicative nature and the fact that the disciplinary proceedings are in no way related to Plaintiff's retaliation claim or any of the facts underlying Plaintiff's case, the Court finds that discovery of the additional documents in Defendant's possession would not be "proportional to the needs of the case" under Fed. R. Civ. P. 26(b)(1).  *See id.*

Furthermore, to the extent that the additional documents in Defendant's possession contain any information that is not duplicative or the materials submitted *ex parte* and *in camera* to the Court, Plaintiff would not be entitled to access those documents because Plaintiff did not request discovery of such materials during the discovery period.[3]  Plaintiff could have served, at the appropriate time, a document request seeking documents relating to potential candor issues

---

[3] Although Defendant's *ex parte* and *in camera* filing did not explicitly state as much, it does not appear to the Court that Mr. Fernandez has been subject to any investigations or disciplinary actions apart from the ones discussed in this Memorandum Opinion.

for agency witnesses.  However, Plaintiff chose not to do so.  Accordingly, Defendant shall be

required only to disclose to Plaintiff the two letters filed *ex parte* and *in camera* with the Court,

subject to the limitations described in Part II.B, *supra*.

> **D.  The parties shall submit briefing on whether the existence of a pending appeal from an adverse decision affecting Mr. Fernandez's employment is probative of whether Mr. Fernandez's testimony would be biased in favor of the Government.**

Finally, the Court notes that Plaintiff's motion seeks documents relating to any

disciplinary proceedings involving Mr. Fernandez on the basis that such documents may contain

information related to the witness's "bias."  *See* Pl.'s Mot. at 2.  Plaintiff's motion appears to

indicate that Plaintiff may seek to admit evidence of the disciplinary proceedings involving Mr.

Fernandez as part of an effort to show that the Mr. Fernandez's testimony at a *de bene esse*

deposition and/or trial would be biased in favor of the Government.

As a preliminary matter, the Court shall not permit Plaintiff to introduce any evidence

regarding the subject matter of the disciplinary proceedings involving Mr. Fernandez to show

Mr. Fernandez's bias, if any.  The subject matter of the disciplinary proceedings is wholly

unrelated and irrelevant to the facts at dispute in this case.  Accordingly, it is "difficult to

understand how the subject matter [of the disciplinary proceedings] would assist[] in portraying

[Mr. Fernandez] as biased[.]"  *United States v. Wilson*, 605 F.3d 985, 1005-06 (D.C. Cir. 2010).

The Court acknowledges, however, that notwithstanding the irrelevance of the subject

matter of the disciplinary proceedings, the mere "fact of the existence of the investigation" may,

in some circumstances, assist in portraying a testifying witness as biased.  *See id.* at 1006.  In

other words, a testifying witness who is the subject of an investigation could be "motivated to

testify falsely . . . in order to curry favor with the government."  *Id.*  Under this line of reasoning,

a party could, under Federal Rule of Evidence 404(b), seek introduction of evidence of the

existence of a pending investigation to show that a testifying witness is biased.  *See id.*

It appears to the Court that this case presents slightly different facts, as here, the investigation involving Mr. Fernandez is not pending, but appears to have been completed.  In fact, the FBI has already taken disciplinary actions that have resulted in Mr. Fernandez's dismissal from the FBI and the revocation of Mr. Fernandez's security clearance.  However, as indicated in Defendant's *Ex Parte* and *In Camera* Memorandum,[4] those decisions are not yet final.  After receiving his dismissal letter from the OPR, Mr. Fernandez filed an appeal of that dismissal with the FBI's Disciplinary Review Board.  On August 11, 2015, Mr. Fernandez separately requested reconsideration of the Security Division's decision to revoke his security clearance.  As a result of the pending security clearance revocation, Mr. Fernandez's disciplinary appeal was tentatively closed pending the resolution of the security clearance revocation.  To date, a decision on Mr. Fernandez's request for reconsideration of the Security Division's decision to revoke his security clearance has not been made.

Defendant's *Ex Parte* and *In Camera* Memorandum cites to several cases where the existence of a disciplinary proceeding involving a testifying witness was found not to be probative of the witness's bias.  *See United States v. Dorn, No. 05-cr-013*, slip op. at 13 (D.D.C. Mar. 2, 2006) (Kollar-Kotelly, J.); *United States v. Novaton*, 271 F.3d 968, 1006-07 (11th Cir. 2001); *States v. Myers*, 972 F.2d 1566, 1578-79 (11th Cir. 1992); *United States v. Love*, 599 F.2d 107, 109 (5th Cir. 1979); *United States v. Amabile*, 395 F.2d 47, 51 (7th Cir. 1968), *vacated on different grounds*, 394 U.S. 310 (1969).  The Court also notes that the D.C. Circuit case cited above, *United States v. Wilson*, 605 F.3d 985, 1005-06 (D.C. Cir. 2010), may also be instructive

---

[4] The Court relies on Defendant's *Ex Parte* and *In Camera* Memorandum against Release of Documents for the facts regarding the current status of the disciplinary actions brought against Mr. Fernandez.

on the issue of whether the existence of a disciplinary proceeding involving a testifying witness is probative of the witness's bias.

The Court is mindful that Plaintiff has not had an opportunity to review these cases or brief the issue.  Accordingly, the Court shall provide Plaintiff the opportunity to file a supplemental memorandum by **January 22, 2016**, which shall contain Plaintiff's position, and supporting arguments, regarding whether the existence of an appeal from an adverse decision affecting Mr. Fernandez's employment is probative of whether Mr. Fernandez's testimony would be biased in favor of the Government.  The Court shall then provide Defendant until **January 27, 2016** to file a response to Plaintiff's supplemental memorandum.  The Court will make an effort to resolve the issue prior to the *de bene esse* deposition of Mr. Fernandez.

Finally, the Court also reminds the parties that they shall file a Joint Notice by **January 21, 2016**, indicating whether they have scheduled a *de bene esse* deposition of Mr. Fernandez.  If the deposition has been scheduled, the Joint Notice shall also include the logistical details of the deposition, including the date and location of the deposition.  *See* Order (Nov. 16, 2015), ECF No. [107].

### III. CONCLUSION

For the reasons discussed above, the Court shall GRANT-IN-PART, DENY-IN-PART Plaintiff's [100] Motion for Issuance of Trial Subpoenas.  The Court finds that Plaintiff is not entitled to documents contained in Mr. Fernandez's personnel file.  The Court also finds, however, that Plaintiff is entitled to the portions of the two letters, filed *ex parte* and in *camera* by Defendants, that concern two OPR findings relevant to Mr. Fernandez's credibility, but only to the extent that such portions are necessary to provide Plaintiff with a good faith basis to conduct permissible impeachment of Mr. Fernandez at a *de bene esse* deposition and/or trial.

An appropriate Order accompanies this Memorandum Opinion.

_____
                    /s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE