UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BASSEM YOUSSEF,
    Plaintiff,

v.

LORETTA E. LYNCH., United States
Attorney General,
    Defendant.

Civil Action No. 11-1362 (CKK)

**MEMORANDUM OPINION AND ORDER**
(May 11, 2016)

The Court is in receipt of the parties' submissions[1] regarding Question #25 in the Draft Voir Dire and the parties' submissions[2] regarding the Rule 701 testimony of Mr. Michael Heimbach.

As to the first issue, the Court finds that Question #25 in the Draft Voir Dire should be revised to exclude the reference to publicly criticizing the government "before Congress" or "in the courts", as any such disclosures are not relevant to Plaintiff's claim in this case. Question #25, as revised, shall read as follows: "Do you have opinions as to whether federal government employees should or should not publicly criticize the United States government in the press?"

As to the Rule 701 testimony of Mr. Heimbach, Plaintiff puts forward two arguments as to why the Court should exclude Mr. Heimbach's proffered testimony regarding the effect that a denial of the Assistant Section Chief position would have on the reputation of an FBI agent serving as a Unit Chief. First, Plaintiff contends that, given Mr. Heimbach's position as

---

[1] Plaintiff's [164] Notice in Response to the Court's April 29, 2016 Order Regarding Question #25 in the Draft Voir Dire and Defendant's [168] Response thereto.

[2] Plaintiff's [165] Supplemental Memorandum to Object to Mr. Heimbach's Rule 701 Testimony and Defendant's [167] Response thereto.

Assistant Director of the Counterterrorism Division, Mr. Heimbach lacks the proper basis to testify as to the effect that a denial of the Assistant Section Chief position would have on the reputation of an FBI agent serving as a Unit Chief. *See* Pl.'s Supp. Mem., ECF No. [165], at 1. Second, Plaintiff objects to Mr. Heinbach's proffered testimony on the grounds that it is outside the scope of Defendant's Rule 26 initial disclosures and was not disclosed during discovery. *See id.* The Court shall address Plaintiff's arguments in turn.

First, Plaintiff argues that Mr. Heimbach lacks the proper basis to testify pursuant to Rule 701 as to the effect that a denial of the Assistant Section Chief position would have on the reputation of an FBI agent serving as a Unit Chief. *See id.* Put differently, Plaintiff contends that Mr. Heimbach lacks the requisite personal knowledge to testify on the issue. *See* Pl.'s Resp. to Def.'s Notice re: Valerie Parlave and Michael Heimbach, ECF No. [138], at 4-6.

Defendant argues that Mr. Heimbach has sufficient personal knowledge to testify on the issue of reputational impact because of his experiences developed over the course of his career at the FBI. Mr. Heimbach started with the FBI in 1988 and has held a variety of positions both in the field and at headquarters, including the positions of Unit Chief and Assistant Section Chief. *See* Def.'s Notice re: Valerie Parlave and Michael Heimbach, ECF No. [137], at 2-3. According to Defendant, Mr. Heimbach has observed the career paths of "numerous other agents within the FBI, including as a career board voting member and chair." *Id.* at 3. Defendant also cites the fact that Mr. Heimbach has personal experience being denied numerous positions for which he applied, and has personal knowledge as to the reputational impact of a non-selection as a result of his years of service at the FBI. *See id.*

Upon review of Defendant's proffer, it would appear that Mr. Heimbach has sufficient background and experience to form an opinion on the issue of reputational impact that is

"rationally based on the witness's perception." Fed. R. Evid. 701. Accordingly, based on the current record, the Court will not preclude Defendant from introducing Rule 701 testimony from Mr. Heimbach on the issue of reputational impact. The Court is mindful, however, that at trial, Defendant will have to make a showing that Mr. Heimbach has a sufficient basis to testify on this issue before his testimony on the issue will be admitted under Rule 701.

Second, as to Plaintiff's objection concerning the scope of Mr. Heimbach's testimony, the Court observes an initial point that neither party has been accurate in amending their initial disclosures. Both parties have included witnesses in their Joint Pretrial Statement that were not listed in their initial or amended disclosures, and have offered testimony that exceeds the scope of testimony for a previously disclosed witness. *See* ECF No. [77], at 10-23; Pl.'s Initial Disclosures, Ex. A to Def.'s Response to Pl.'s Supp. Mem., ECF No. [167-1]. Throughout the pre-trial process, the Court has attempted to cure any prejudice that may have arisen by affording both parties opportunities to obtain additional discovery in preparation of trial. *See* Order (Nov. 13, 2015), at 3 (permitting Plaintiff to depose Valerie Parlave concerning issues discussed in her declarations); Order (Apr. 1, 2016), at 4 (permitting Defendant to depose Edward Curran on issues raised in his expert report).

Turning to this particular witness, Mr. Heimbach, Plaintiff has been afforded several opportunities to raise an objection to Mr. Heimbach's testimony on Rule 26 grounds, but elected not to raise the instant objection until the fourth pretrial conference on April 29, 2016. Defendant first set forth Mr. Heimbach's proffered testimony in the parties' Joint Pretrial Statement over a year ago, on March 11, 2015. *See* Def.'s Response to Pl.'s Supp. Mem., ECF

No. [167], at 1.[3]  However, Plaintiff's sole objection in the Pretrial Statement was that Mr. Heimbach could not "give opinion or expert testimony" because "Defendant did not file the required Opinion/Expert report." ECF No. [77-5], at 3.  Plaintiff's objection was unfounded because no such report was necessary for Mr. Heimbach to provide lay opinion testimony under Rule of Evidence 701.  *See* Fed. R. Civ. P. 26(a)(2)(A) (requiring expert disclosures only for witnesses presenting evidence under Federal Rules of Evidence 702, 703, or 705).  Additionally, Plaintiff had an opportunity to raise an objection as to the scope of Mr. Heimbach's testimony during the supplemental briefing ordered by the Court in its Order issued on November 16, 2015.  *See* Pl.'s Resp. to Def.'s Notice re: Valerie Parlave and Michael Heimbach, ECF No. [138].  However, the only objection raised by Plaintiff in that briefing was the objection raised above, regarding the basis of Mr. Heinbach's personal knowledge on this issue.  *See id.* at 4-6.  Plaintiff did not raise his instant objection under Rule 26 until the fourth pretrial conference on April 29, 2016, less than three weeks prior to the scheduled start of trial on May 16, 2016.

Furthermore, Plaintiff could have, at any of the earlier stages, requested an opportunity to depose Mr. Heimbach regarding the topics of his proffered testimony that fall outside the scope of his initial disclosures.  If Plaintiff had made such a request, then the Court could have permitted Plaintiff the opportunity to depose Mr. Heimbach, as the Court did with respect to two other witnesses in this case, Ms. Valerie Parlave and Mr. Edward Curran.  *See* Order (Nov. 13, 2015), at 3 (permitting Plaintiff to depose Valerie Parlave concerning issues discussed in her declarations); Order (Apr. 1, 2016), at 4 (permitting Defendant to depose Edward Curran on

---

[3] In the Joint Pretrial Statement, Defendant stated that Mr. Heimbach would testify, *inter alia*, "about the FBI's promotional policies and practices for special agents, including testimony that the denial of a lateral Assistant Section Chief position would not negatively impact the reputation or restrict the career path of an FBI agent that was serving as a Unit Chief." *Id.* (citing ECF No. [77], at 22).

issues raised in his expert report). Now, the case is on the eve of trial, and as Plaintiff concedes, at "this late stage, Mr. Youssef has no opportunity to depose Mr. Heimbach regarding these new matters." Pl.'s Supp. Mem., ECF No. [165], at 2. Instead, Plaintiff requests that the Court exclude in its entirety Mr. Heimbach's testimony on the issue of the effect that a denial of the Assistant Section Chief position would have on the reputation of an FBI agent serving as a Unit Chief. Pl.'s Supp. Mem., ECF No. [165], at 2. The Court finds that such a remedy would not be appropriate at this time.

Accordingly, for the reasons described above, it is hereby **ORDERED** that:

(1) Question #25 in the Draft Voir Dire shall be revised to read as follows: "Do you have opinions as to whether federal government employees should or should not publicly criticize the United States government in the press?" and

(2) The Court shall not, on the present record, preclude Defendant from introducing Rule 701 testimony by Mr. Heimbach as to the effect that a denial of the Assistant Section Chief position would have on the reputation of an FBI agent serving as a Unit Chief. However, at trial, Defendant will have to make a showing that Mr. Heimbach has a sufficient basis to testify on this issue before his testimony on the issue will be admitted under Rule 701.

**SO ORDERED.**

                                                /s/
                                     **COLLEEN KOLLAR-KOTELLY**
                                     UNITED STATES DISTRICT JUDGE