UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM YOUSSEF,<br>    Plaintiff,<br><br>    v.<br><br>LORETTA E. LYNCH., United States<br>Attorney General,<br>    Defendant. | Civil Action No. 11-1362 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(May 12, 2016)

Presently before the Court is Defendant's [170] Motion to Revise Court's April 29, 2016 Ruling. In its motion, Defendant requests that the Court order that all parts of Mr. Arthur Zarone's handwritten notes be redacted except the heading "Distractors" and the terms "Legal matter" and "OIG Report" under that heading. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole,[1] the Court shall GRANT-IN-PART, DENY-IN-PART Defendant's Motion to Revise Court's April 29, 2016 Ruling.

As the outset, the Court notes that this Memorandum Opinion and Order fully incorporates the Court's prior Opinions and Orders containing more extensive discussions regarding the admissibility of Mr. Zarone's handwritten notes. *See* Memorandum Opinion and Order (Nov 13, 2015), ECF Nos. [105], [106]; Minute Order (Apr. 22, 2016); Order (Apr. 29,

---

[1] While the Court renders its decision on the record as a whole, its consideration has focused on the following documents: Defendant's Motion to Revise Court's April 29, 2016 Ruling, ECF No. [170]; Plaintiff's Opposition to Defendant's Motion, ECF No. [173]; Defendant's Reply to Plaintiff's Opposition to Defendant's Motion, ECF No. [175]. Additionally, the Court has reviewed transcripts of deposition testimony, which the parties submitted to the Court via email. These transcripts were previously filed on the record during summary judgment briefing. *See* Def.'s Mot. for Summary J., ECF No. [41], Pl.'s Opp'n to Def.'s Mot. for Summary J., ECF No. [47], and accompanying exhibits.

2016), ECF No. [163].

By way of background, on April 29, 2016, the Court held the fourth pretrial conference in this matter. During that conference, the Court reiterated its findings from earlier Orders that Plaintiff has not brought a claim in this case as to the 2009 Performance Appraisal Report ("the 2009 PAR"), and that the ratings, along with the appraisal itself, do not constitute an adverse action in this case. *See* Order (Apr. 29, 2016), ECF No. [163], at 1. The Court also reiterated its finding that Mr. Youssef's involvement in the Inspector General investigation is not a protected activity for the purposes of Plaintiff's claim in this case. *See id.* at 1-2. The Court also discussed with the parties the Court's proposal presented in its Minute Order issued on April 22, 2016. In that Minute Order, the Court suggested that only "Legal Matter" be used, and that reference to the "OIG Report" under the heading, "Distractors," in Mr. Zarone's handwritten notes be redacted, and that the parties be precluded from introducing evidence and testimony regarding the OIG Report and the investigation. *See* Minute Order (Apr. 22, 2016). After a lengthy discussion on the record, the parties agreed that they would not discuss at trial the ratings in Mr. Youssef's 2009 PAR or that Mr. Youssef was downgraded. *See id.* at 2. Plaintiff proposed, and Defendant agreed to, a plan in which the three pages of Mr. Zarone's handwritten notes would be introduced at trial in unredacted form. Under that agreement, the jury would have been left with no information as to whether Mr. Youssef's 2009 PAR was good, bad, or neutral. *See id.*

On May 6, 2016, Defendant filed the instant motion requesting that the Court order that all parts of Mr. Zarone's handwritten written notes be redacted except the heading "Distractors" and the terms "Legal matter" and "OIG Report" under that heading. *See* Def.'s Mot., ECF No. [170], at 1. Defendant contends that the unredacted notes would "expose the jury to irrelevant, confusing, and prejudicial information without the benefit of explanatory testimony." *See id.* at

2. Defendant also maintains that the reference to "OIG Report" is relevant on the basis that "Mr. Zarone sought to record all causes of Plaintiff's distraction, and thus related directly to Mr. Zarone's state-of-mind in writing the comment." *Id.* at 3. Defendant further argues that the reference in the notes to Mr. Youssef's "drop-in-performance" is not relevant and should be redacted because the reference would confuse and mislead the jury by suggesting that the 2009 PAR was at issue. *See id.* (citing Fed. R. Evid. 403).

On May 9, 2016, Plaintiff filed his opposition to Defendant's motion, arguing that the notes should be introduced in full, unredacted form. *See* Pl.'s Opp'n, ECF No. [173], at 2. Specifically, Plaintiff contends that that the "only way to properly understand the full meaning of the 'distractor' comment is by understanding the context in which the comment was made—i.e., drop in performance level because Mr. Youssef participated in protected activities." *Id.* According to Plaintiff, "Mr. Zarone's negative views of Youssef's lawful participation in his EEO matters can be introduced into this case without any direct reference to the negative sub-ratings in the PAR, and collectively the notes and testimony is at the heart of Mr. Youssef's ability to demonstrate animus and pretext." *Id.* at 2-3.

In the alternative, Plaintiff requests that the notes be redacted to exclude reference to the OIG Report and include the reference to the drop in performance level. *See id.* at 4. Plaintiff contends that the phrase, "Issue: drop of performance level from 08 → 09," is directly relevant in this case because it supports Plaintiff's contention that Mr. Zarone had animus toward Mr. Youssef's protected activity. *See id.* According to Plaintiff, this phrase "demonstrates that in evaluating Plaintiff's overall conduct while serving as a Unit Chief, Mr. Zarone negatively viewed his being away from the unit to participate in protected EEO activity, thereby demonstrating retaliatory animus." *Id.* Plaintiff also contends that the reference to the OIG

3

report should be redacted because it has "very little probative value and is highly likely to complicate the issues, confuse the jury, and result in undue prejudice." *Id.* at 5 (citing Fed. R. Evid. 403).

Upon review of the parties' submissions, the Court finds that "the probative value" of the unredacted handwritten notes is "substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time[.]" Fed. R. Evid. 403. As the Court has explained in prior Orders, the handwritten notes are being admitted for the very limited purpose "to support Plaintiff's contention that the notes reflect Mr. Zarone, in his decision-making process, considered Plaintiff's involvement in protected activities relating to his EEO lawsuit to be a 'distractor'—thereby supporting Plaintiff's claim of retaliatory animus on the part of the FBI as to Plaintiff' non-selection for the ASC position, which occurred around the time that the PAR was issued." Minute Order (Apr. 22, 2016). Indeed, it is Plaintiff's *non-selection for the ASC position* that is at issue. Moreover, the Court has repeatedly held that the 2009 PAR is not at issue in this case, and that the Court shall not permit a mini-trial on this issue. The unredacted notes are, in Defendant's words, "replete" with references indicating that Mr. Youssef's 2009 would likely be worse than prior years. *See* Def.'s Mot., ECF No. [170], at 2. Furthermore, Plaintiff has acknowledged that he intends to question Mr. Zarone only on a small portion of the notes, and that it is unnecessary to introduce the unredacted notes as a whole. See Pl.'s Opp'n, ECF No. [173], at 3. Accordingly, "the probative value" of the unredacted handwritten notes is "substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time[.]" Fed. R. Evid. 403.

The Court further finds that the probative value of the phrase in Mr. Zarone's notes, "Issue: drop of performance level from 08 → 09," is substantially outweighed by the Rule 403

dangers cited above. That phrase, if admitted, would present the jury with irrelevant information concerning the 2009 PAR, and without the benefit of explanatory testimony, the jury would confuse the issues. Furthermore, if Plaintiff were allowed to introduce the phrase, then Defendant would be entitled to put forward evidence that Plaintiff's drop in performance in 2009 was due to other factors, *i.e.*, that Plaintiff did not instruct people under him to follow through on projects such as the contract with the telecommunications carrier. The parties would be well on their way to an unnecessary mini-trial that the Court has repeatedly stressed a desire to avoid. Such a mini-trial would consume significant time and resources and would distract the jury from the relevant issue in this case—Plaintiff's non-selection for the ASC position. Furthermore, as stressed by the Court in prior Orders, *Mr. Youssef's 2009 performance appraisal is not the alleged materially adverse action in this case, and neither the 2009 PAR, nor its contents, was considered by the Local Career Board responsible for selecting the new ASC. Therefore, there's no nexus between the PAR and its contents and the decision by the Local Career Board.* Accordingly, the Court finds that the probative value of the phrase in Mr. Zarone's notes, "Issue: drop of performance level from 08 → 09," is substantially outweighed by the Rule 403 dangers cited above. Therefore, that phrase shall be redacted in the notes to be introduced to the jury.

Additionally, the Court finds that the probative value of the reference to the "OIG Report" in Mr. Zarone's handwritten notes is substantially outweighed by the Rule 403 dangers cited above. The Court has repeatedly held that "the protected activity at issue in this particular case is not the 'OIG Report,' but Plaintiff's participation in proceedings related to his EEO lawsuit against the FBI, including, leaving work for depositions and attending court proceedings, in 2009." Minute Order (Apr. 22, 2016). "As such, the introduction of evidence and testimony regarding the OIG Report and the investigation may achieve a very limited purpose, at the risk of

complicating the issues and confusing the jury." *Id.* Defendant contends that the reference to the OIG report should not be redacted because the reference is relevant to show that Mr. Zarone's sought to record "all causes of Plaintiff's distraction." Def.'s Mot., ECF No. [170], at 3. The Court finds Defendant's argument unavailing. Defendant may still introduce testimony by Mr. Zarone that he considered other "detractors" in reviewing Mr. Youssef's 2009 performance, but it is not necessary that the jury know specifically what those other "detractors" were. Furthermore, as described above, the reference to the "OIG Report" is highly likely to complicate the issues, confuse the jury, and open the door to a mini-trial on the circumstances surrounding the OIG Report. *See* Fed. R. Evid. 403. Accordingly, the Court finds that the probative value of the reference to the "OIG Report" in Mr. Zarone's handwritten notes is substantially outweighed by the Rule 403 dangers cited above.

Finally, as the Court has repeatedly stressed, the handwritten notes are being admitted for the very limited purpose "to support Plaintiff's contention that the notes reflect Mr. Zarone, in his decision-making process, considered Plaintiff's involvement in protected activities relating to his EEO lawsuit to be a 'distractor'—thereby supporting Plaintiff's claim of retaliatory animus on the part of the FBI as to Plaintiff' non-selection for the ASC position which occurred around the time that the PAR was issued." Minute Order (Apr. 22, 2016). As such, the probative portion of the handwritten notes is the reference to Mr. Youssef's "Legal Matter" as a "distractor." Finally, the Court notes that the reference to Mr. Youssef's "Legal Matter" as a "distractor" is simply corroborating Mr. Zarone's deposition testimony that he considered Mr. Youssef's absences to have had an impact on his performance. Mr. Zarone will testify in person at trial, and will presumably testify in accordance with his deposition testimony. In light of the foregoing, the reference to Mr. Youssef's "Legal Matter" as a "distractor" shall be admitted in

unredacted form.  The remaining portions of the handwritten notes shall be redacted.

For the reasons described above, it is, this 12th day of May, 2016, hereby **ORDERED** that the Court shall GRANT-IN-PART, DENY-IN-PART Defendant's Motion to Revise Court's April 29, 2016 Ruling;

IT IS **FURTHER ORDERED** that the Court shall permit introduction of Mr. Zarone's handwritten notes, in redacted form, with only the following portion unredacted:

<u>Distractors</u>
Legal Matter

IT IS **FURTHER ORDERED** that pursuant to the Court's Order issued on April 27, 2016, the introduction of Mr. Zarone's handwritten notes shall be accompanied by a limiting instruction, which states that the evidence can be considered by the jury only for the limited purpose of assessing whether Mr. Zarone and Mr. Fernandez acted with retaliatory animus against Mr. Youssef at the time of Mr. Youssef's non-selection for the Assistant Section Chief position.

The Court notes that it makes this decision based on the record as presented through numerous briefings by the parties and four pretrial hearings.  The Court, after holding four pretrial conferences and after issuing at least four orders concerning this issue, is making what it views as the final ruling on this issue.  Should there be developments at trial that require the Court to revisit its findings, the parties may ask to approach the bench and discuss matters with the Court at that time.

**SO ORDERED**.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE