UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM YOUSSEF,<br><br>    Plaintiff,<br><br>    v.<br><br>LORETTA E. LYNCH, United States Attorney General,<br><br>    Defendant. | Civil Action No. 11-1362 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(May 16, 2016)

On May 12, 2016, the Court held a *Daubert* hearing to consider the qualifications of Plaintiff Bassem Youssef as proffered expert regarding the Local Career Board ("LCB") policies and procedures in place at the FBI during the relevant time period in this case, October 2009. The Court incorporates in full the discussions that took place on the record at that *Daubert* hearing into this Memorandum Opinion and Order. The Court also notes that in making this decision, the Court reviewed, and relied upon, the official transcript of Mr. Youssef's *Daubert* hearing.

Mr. Youssef seeks to testify as a lay person under Federal Rule of Evidence 701 and as a qualified expert under Federal Rule of Evidence 702. *See* Fed. R. Evid. 701, 702. As the Court explains below, the Court finds that Mr. Youssef is not sufficiently qualified under Rule 702 to testify as an expert on the LCB policies and procedures in place at the FBI in October 2009. However, the Court finds that Mr. Youssef may provide lay opinion testimony under Rule 701 as to certain issues related to LCB policies and procedures, because such opinions would be "rationally based on the witness's perception" and would be "helpful to clearly understanding the

witness's testimony or to determining a 'fact in issue.' " Fed. R. Evid. 701.

    A. <u>Rule 702</u>

Federal Rule of Evidence 702 provides that a "witness who is qualified as an expert by knowledge, skills, experience, training, or education" may testify in the form of an opinion if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. When determining admissibility under Rule 702, the Court must ensure that the proffered testimony is both relevant and reliable, and that its evidentiary reliability is based upon scientific validity. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 & n. 9 (1993).

At the *Daubert* hearing, Mr. Youssef testified that he completed a formal training on career board practices in 2003. *See* Youssef *Daubert* Hrg. Tr. 12:9-12:20. Mr. Youssef testified that the training occurred in a large auditorium at FBI Headquarters and lasted approximately 2-3 hours. *See id.* at 6:9-6:15. By completing that training, Mr. Youssef became certified to participate on career boards as a voting member, as well as a chairperson. *See id.* at 6:23-6:25. In the time between that training in 2003 and Mr. Youssef's retirement from the FBI in 2014, Mr. Youssef trained approximately 7-10 voting members on career board procedures, and participated on several dozen career boards, either as a voting member or as a chairperson. *See id.* at 7:11-7:21; 11:9-13:22. Mr. Youssef could not recall how many career boards he served on in 2009, but indicated that prior to 2009, he served on five career boards regarding positions at the GS-15 grade level. *See id.* at 52:4-53:9. Mr. Youssef testified that he has maintained a knowledge of career board procedures by attending "refresher" training on unknown dates and

by reviewing relevant career board manuals and policies.  *See id.* at 7:22-8:8.  Mr. Youssef also testified that he has not previously been qualified to testify as an expert witness in a court proceeding.  *See id.* at 42:10-42:16.

During the hearing, Mr. Youssef testified that he could not recall whether, at the 2003 training, he received training on the FD-954 form—the form in effect during the relevant time period in October 2009—or whether, instead, he received training on its predecessor, the FD-638 form.  *See id.* at 42:17-43:7.  Mr. Youssef also identified Plaintiff's proposed Exhibit 16, a PowerPoint presentation entitled "Local Career Board Chairperson Training" as a document containing the relevant training slides for conducting a local career board in October 2009.  *See id.* at 19:23-20:6.  When asked, Mr. Youssef could not recall when the unit that authored the PowerPoint, the Mid-Level Leadership Selection Unit (the "MLSU"), was created.  *See id.* at 24:25-25:9.  Mr. Youssef conceded that if the unit did not exist in 2009, then the PowerPoint presentation could not have existed at the relevant time period of time for this lawsuit.  *See id.*

After the *Daubert* hearing, Defendant filed two Notices, with supporting documentation, which clearly indicated that the MLSU was not created until April 15, 2010—approximately six months *after* the time of the non-selection in this case.  *See* ECF Nos. [182], [183].  Plaintiff subsequently withdrew proposed Exhibit 16, conceding that the PowerPoint Presentation authored by the MLSU could not have existed in October 2009.  Defendant's Notices also demonstrated that the FD-954 form replaced the FD-638 form in February 2004, *after* the training that Mr. Youssef testified to have attended in 2003.  *See* ECF No. [182].

Upon review of the record of this case—including the official transcript of Mr. Youssef's *Daubert* hearing held on May 12, 2016—the Court finds that Mr. Youssef is not sufficiently qualified under Rule 702 to testify as an expert on the LCB policies and procedures in place at

the FBI in October 2009. As a preliminary matter, Mr. Youssef testified that he received his certification on career board policies by completing a formal training in 2003, before the relevant form in this case, the FD-954 form, came into effect. *See* Youssef *Daubert* Hrg. Tr. 12:9-12:20. Therefore, it would appear that Mr. Youssef received training on the FD-954's predecessor, the FD-638 form. Additionally, the record evidence demonstrates important differences between the two forms and establishes that the relevant policies and procedures in place in 2009 concerned the FD-954, not the FD-638. The Court notes that Mr. Youssef has received additional "refresher" training since 2003, and that he has gained experience evaluating FD-954 forms as a career board voting member and chairperson. *See id.* at 7:22-8:1. However, he provided no detailed description of the subject matter of these "refresher" trainings. It is not enough that Mr. Youssef received *some* training and gained *some* experience reviewing the FD-954 forms. Accordingly, the Court cannot find that his training and experience are sufficient to qualify Mr. Youssef as an expert on LCB policies concerning the FD-954 form.

Importantly, Mr. Youssef also testified—erroneously—that the policies in effect in the PowerPoint Presentation entitled "Local Career Board Chairperson Training" were the policies in effect in October 2009, the relevant time period in this case. *See id.* at 19:23-25:20. That PowerPoint Presentation contained a policy permitting a career board to consider, in certain circumstances, an applicant's "Totality of Experience" when making a promotional decision. However, the record evidence—developed after *extensive* briefing on this issue—demonstrated that the "Totality of Experiences" policy was *not* in effect in October 2009, and did not go into effect until spring of 2010. *See, e.g.*, ECF Nos. [88], [91], [95], [96], [101], [106]. Mr. Youssef's erroneous assertion that the cited PowerPoint Presentation existed in 2009 undermines Mr. Youssef's credentials to testify on the policies that were in place in 2009, and raises

4

significant questions regarding the reliability and validity of Mr. Youssef's proffered expert testimony on this issue. In light of the foregoing, the Court finds that Mr. Youssef is not sufficiently qualified to testify as an expert pursuant to Rule 702 on the LCB policies and procedures that were in place in October 2009. *See* Fed. R. Evid. 702.

B. Rule 701

Having found that Mr. Youssef is not sufficiently qualified to testify as an expert on the LCB policies and procedures that were in place in October 2009, the Court shall now consider whether Mr. Youssef may provide lay opinion testimony on this issue pursuant to Rule 701. In making that determination, the Court must consider whether Mr. Youssef's opinion is "rationally based on the witness's perception" and whether his opinion would be "helpful to clearly understanding the witness's testimony or to determining a 'fact in issue.' " Fed. R. Evid. 701.

At the *Daubert* hearing, Mr. Youssef proffered lay opinion testimony as to the following topics: (1) the general role of career boards at the FBI; (2) the career board policies governing applicant interviews; (3) the rights and responsibilities of board members when evaluating applicants' FD-954 forms, including when, if at all, it is appropriate for a board member (a) to contact the Special Agent Mid-Level Management Section (the "SAAMS board"), (b) to consider, when rating an applicant's competencies, any training and/or experience listed on the FD-954 outside of the competencies section, and (c) to perform independent research outside of the FD-954.

As to the first topic, the Court finds that Mr. Youssef may provide lay opinion testimony as to the general role of career boards at the FBI. Mr. Youssef has personal knowledge based on his experiences as both a voting member of career boards and as a chairperson. *See id.* at 48:24-49:18. Additionally, to the extent that Mr. Youssef's testimony on this issue is not duplicative of

testimony by other witnesses, the Court finds that Mr. Youssef's testimony would be helpful to the jury in understanding the general promotional practices at the FBI.

As to the second topic, the Court finds that Mr. Youssef may provide lay opinion testimony as to the LCB policies governing the applicant interviewing process. Mr. Youssef has participated on career boards that conducted interviews as well as career boards that did not conduct interviews. *See id.* at 7:11-7:21; 11:9-13:22. Mr. Youssef also testified that he has read, and is familiar with, the policies governing applicant interviews. Accordingly, Mr. Youssef's opinion would be "rationally based on the witness's perception" and would be helpful to the jury in evaluating Plaintiff's argument that the FBI failed to follow the applicable policies regarding the conducting of interviews in this case.

Third, as to the rights and responsibilities of board members when evaluating applicants' FD-954 forms, the Court finds that Mr. Youssef may provide lay opinion testimony that board members should consider the "four corners of the FD-954" when evaluating an application. *See id.* at 28:25-36:1. As part of this testimony, Mr. Youssef may testify that board members may interpret an applicant's competencies in light of that applicant's training or experience. This is to be distinguished from testifying that the material from the rest of the application can be added to the examples under the competencies, which would result in a re-arranging of the examples under the competencies, as Mr. Youssef testified that he had only been aware of this being done when the applicants' ratings were tied. *See id.* at 45:4-48:23. As a basis for his opinion, Mr. Youssef may rely on his personal experiences as a voting member on various career boards. The Court also finds that Mr. Youssef may not testify that the LCB members in this case should have contacted the SAMMS board during their deliberations, as this case did not involve a "tie" or a close call that would have warranted such a communication with the SAMMS board. *See id.* at

47:19-48:23.[1]

Finally, the Court finds that Mr. Youssef may not testify that the LCB members in this case should have performed independent research outside of the FD-954. At the *Daubert* hearing, Mr. Youssef could not recall any circumstances in which he, or any other board members, had performed independent research when evaluating an application. *See id.* at 38:8-38:14. Mr. Youssef also was not able to cite to any policies or procedures as a basis for his opinion on this issue. *See id.* at 43:11-45:3.

C. Summary

In summary, for the reasons described above, it is hereby **ORDERED** that

- Mr. Youssef may NOT provide expert testimony under Rule 702 as to LCB policies and procedures in place at the FBI during the relevant time period in this case, October 2009.

- Mr. Youssef may provide lay opinion testimony under Rule 701 as to the following issues related to the LCB policies and procedures in place in October 2009: (a) the general role of career boards at the FBI, (b) the career board policies governing applicant interviews, and (c) the rights and responsibilities of board members to consider the "four corners of the FD-954," including that board members may interpret an applicant's competencies in light of that applicant's training or experience.

- Mr. Youssef may NOT provide lay opinion testimony that the LCB members in this case should have contacted the SAMMS board during their deliberations or that the LCB members in this case should have performed independent research outside of the FD-954.

**SO ORDERED**.

                                                  */s/*
                                       **COLLEEN KOLLAR-KOTELLY**
                                       UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Mr. Youssef seeks to testify as to the role of a chairperson as a "tie-breaker," such testimony would not be useful to the jury in this case because this case does not involve a "tie" or a close call in which the voting members were deciding between two similarly ranked candidates. *See* Youssef *Daubert* Hrg. Tr. 49:19-52:2.